**Cynthia S. SPAW, Appellant,**

v.

**Terry SPRINGER, Appellee.**

Superior Court of Pennsylvania.

Argued April 21, 1998.

Filed Aug. 5, 1998.

Vincent J. Roskovensky, II, Uniontown, for appellant.

Ewing D. Newcomer, Uniontown, for appellee.

Before McEWEN, President Judge, and TAMILIA and KELLY, JJ.

TAMILIA, Judge:

Appellant, Cynthia Spaw, initiated a paternity suit against appellee, Terry Springer, charging he is the father of her son born February 20, 1995. She now appeals from the September 2, 1997 Order determining appellee is not the father.

On August 29, 1997, a nonjury trial was held during which the following evidence was developed. Appellant, a single mother of four, testified she had sexual relations with appellee during a two-month period of time from early May of 1994 until the end of June of 1994, which time would have been during the period of conception. During that same time, appellant was also having sexual relations with another man, for whom she named the child. This was the first person appellant named as the child's father. Blood test results, however, excluded this man as the father. Appellant then named a second man as the child's father. Apparently, he too was excluded, although the record fails to clarify that matter. Finally, appellee became the third man to be named as the father. In maintaining appellee is the father of this child, appellant also testified she had sporadic contacts with the appellee after the child's birth, during which he acknowledged paternity and purchased one or two items for him. Appellant explained the fact the child was named after one of her other sexual partners (who was excluded by blood tests) because appellee, when advised during the pregnancy that he might be the father, told appellant not to name him as the father or he would kill her and burn down her house. She took these threats seriously which resulted in the child receiving the birth name of another man.

Appellee testified he slept with appellant once, in October of 1993, and denied appellant's other allegations. Nevertheless, appellee stipulated to the admissibility of the DNA test results, establishing a 99.97% probability he is the father of the child. The trial court found "[a]lthough the probability of paternity is 99.97%, this does not establish conclusively that the [appellee] is the father of this child". (Trial Court Opinion, Solomon, J., 10/31/97, at 4.) The trial court found appellee more credible than appellant and, solely on this basis, found in favor of appellee.

On appeal, appellant argues she established the presumption of paternity and as appellee failed to rebut this presumption, the trial court's finding in his favor was erroneous.

■ Pursuant to 23 Pa.C.S.A. § 4343, **Paternity**, (a) **Determination**, one seeking to establish paternity must do so by a preponderance of the evidence. In this case, appellant presented the results of DNA analysis indicating a 99.97% probability of paternity. Section 4343(c)(2) provides:

(c) **Genetic tests.—**

. . .

(2) Genetic test results indicating a 99% or greater probability that the alleged father is the father of the child shall *create a presumption of paternity* which may be rebutted only by clear and convincing evidence that the results of the genetic tests are not reliable in that particular case.

*Id.* (emphasis added). " 'Clear and convincing evidence' is the highest burden in our civil law and requires that the fact-finder be able to 'come to clear conviction, without hesitancy, of the truth of the precise fact in issue.' " *In re Estate of Heske*, 436 Pa.Super. 63, 647 A.2d 243, 244 (1994), quoting *Lessner v. Rubinson*, 527 Pa. 393, 400, 592 A.2d 678, 681 (1991).

■ The paternity law, as it has currently evolved, establishes a two-part approach and a two-level standard to a determination of paternity. The first is that the petitioner must establish paternity by a preponderance of the evidence. Normally this is done by a sworn petition supported by testimony under oath at a trial that there was access at the time of conception followed by the birth of the child. The defendant attempts to rebut this evidence by showing non-access and/or sterility. If either non-access or sterility was not established, a court would be hard put to find the test of preponderance of evidence had not been met. If the case went no further than the "she said-he said" stage, the determination by the trial judge and/or jury would invariably be determined by the credibility findings of the trial court, as was at-

tempted here. At this time, however, it is the rare case which does not proceed to the genetic testing stage which *mandates* that careful consideration be given to the presumptive or conclusive (in the case of exclusion) results of the testing, which shifts the burden to the defendant to rebut the results or the reliability of the genetic tests by clear and convincing evidence. *See Reed v. Boozer*, 693 A.2d 233 (Pa.Super.1997) (An issue of access in a paternity case is a jury question decided on the preponderance of the evidence and one for the fact-finder, whereas a finding of 99% probability following genetic testing creates a presumption of paternity pursuant to section 4343(c)(2) which may be rebutted only by clear and convincing evidence that the genetic tests are not reliable in that particular case.).

██ Appellee, however, has presented no evidence whatsoever challenging the validity of the genetic test or its results. Appellee's sole argument on appeal is merely that appellant has waived any claim for relief by failing to make any prior specific reference to section 4343(c)(2) and cites Pa.R.A.P. 302, **Requisites for Reviewable Issues**, (a) **General Rule**, in support of his argument. Appellant's reliance upon Rule 302(a) is misplaced. The general rule is "[i]ssues not raised in the lower court are waived and cannot be raised for first time on appeal". Appellant in this case has consistently preserved the issue of paternity and her burden of proof in establishing it. Section 4343(c)(2) takes on particular significance at this stage in the proceedings for it is the legal standard which should have been applied by the trial court. The trial court's failure to recognize and apply the appropriate standard at trial is not a bar to appellant's challenge of that failure on appeal. Moreover, even if appellant could be said to have waived a section 4343(c)(2) argument, the child, in whose interest this action has been brought, cannot be denied support for the duration of his minority on a questionable procedural ruling in the face of uncontradicted presumptive evidence. The Rules of Civil Procedure may not be so strictly applied to deny the application of substantive evidence when it is clear on appeal what is the single question before this Court.[1]

Conversely, if the tests had *excluded* the defendant as the father, despite failure to specifically preserve the exclusion issue, if the court failed to dismiss the paternity action and found on behalf of the child and mother, it is inconceivable that we would affirm the trial judge because of an alleged waiver of the issue by the father. Scientific evidence which is virtually unassailable, and required as an element of proof, once established, cannot be ignored because of an alleged and questionable procedural error in preservation of the issue.

██ As appellant has established her burden of proof with the benefit of the presumption of paternity established by genetic testing and appellee has wholly failed to rebut this presumption, the trial court's Order must be reversed. The September 2, 1997 Order is reversed and the case remanded for the appropriate finding of paternity and such other proceedings as may be required.

Order reversed and case remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.

---

1. Pa.R.C.P. 126 provides:
 **Rule 126. Liberal Construction and Application of Rules**
 The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.