Michael B. WEISSBERGER and Amy
S. Weissberger, Appellants

v.

Steven J. MYERS a/k/a Steve Myers
and Steve Myers Carpentry,
Inc., Appellee.

Superior Court of Pennsylvania.

Argued Nov. 13, 2013.

Filed April 22, 2014.

*Commonwealth v. Johnson,* 961 A.2d 877, 880 (Pa.Super.2008) ("42 Pa.C.S.A. § 9721 affords sentencing court discretion to impose sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed"), *appeal denied,* 600 Pa. 774, 968 A.2d 1280 (2009).

Moreover, given Appellant's extensive criminal history and the specific facts of this case, which were considered by the trial court at Appellant's sentencing hearing, we discern no abuse of discretion in the court's sentencing scheme.

Joseph B. Silverstein, Philadelphia, for appellants.

Daniel P. Mudrick, Conshohocken, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., WECHT and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:

Michael B. Weissberger and Amy S. Weissberger ("the Weissbergers") appeal

the trial court Order denying their Motion for Partial Summary Judgment against Steven J. Myers a/k/a Steve Myers ("Myers").[1] We affirm.

In January 2006, the Weissbergers entered into a contract with Myers and SMC (collectively "the Contractors") to construct an addition and perform repairs and improvements to their home. As part of the contract, the Contractors agreed to follow the architectural design supplied by the Weissbergers. The Contractors allegedly performed improper and substandard work and deviated from the architectural design. By September 2006, the Weissbergers had paid the Contractors $40,000; however, the work had not been completed and the Contractors never returned to the home.

In June 2008, the Weissbergers filed an Amended Complaint[2] alleging various causes of action including breach of contract, a violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and fraud. The Contractors filed an Answer.

Following discovery, in August 2010, Myers filed a Petition for Protection under Chapter 7 of the United States Bankruptcy Code, seeking to discharge his debts.[3] In response to Myers's Petition, the Weissbergers filed an Adversary Complaint against Myers, seeking a determination that Myers's debt is not dischargeable due to Myers's fraud in working on their home. Following a trial, the Bankruptcy Court found that the debt was not dis-

chargeable because Myers had committed fraud.

As a result of this finding in the Bankruptcy Court, the Weissbergers filed a Motion for Partial Summary Judgment against Myers on their breach of contract, violation of the UTPCPL and fraud claims based upon *res judicata* and collateral estoppel. The trial court denied the Motion. The Weissbergers filed a Motion for Reconsideration, which also was denied. Thereafter, the Weissbergers filed a Petition for Review with this Court.[4] By a *per curiam* Order, this Court granted the Petition for Review and ordered that the matter proceed as an appeal from the denial of the Motion for Partial Summary Judgment.

On appeal, the Weissbergers raise the following questions for our review:

1. Did the Trial Court abuse its discretion and commit an error of law by holding that the Bankruptcy Court in the adversary action undertook a different analysis than the Trial Court was required to undertake?

2. Did the Trial Court abuse its discretion and commit an error of law by holding that the record did not support granting [the Weissbergers'] Motion for Partial Summary Judgment based on *res judicata* or collateral estoppel?

3. Did the Trial Court abuse its discretion and commit an error of law by holding that the case law cited by [the Weissbergers] in their Motion for Partial Summary Judgment did

---

1. Steve Myers Carpentry, Inc. ("SMC"), is not a party to this action.

2. The Weissbergers initially filed their Complaint in June 2007.

3. SMC also filed for bankruptcy and the Bankruptcy Court approved SMC's plan.

4. *See* Pa.R.A.P. 1311(a) (stating that "[a]n appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from any interlocutory order of a lower court or other governmental unit. *See* Rule 312 (interlocutory appeals by permission).").

not support their claims that they are entitled to summary judgment on certain counts of the Amended Complaint?

Brief for Appellants at 4.[5]

 Our standard and scope of review is as follows:

Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Hovis v. Sunoco, Inc.,* 64 A.3d 1078, 1081 (Pa.Super.2013) (citation omitted).

The Weissbergers contend that the trial court committed an error of law and abused its discretion by denying their Motion for Partial Summary Judgment. Brief for Appellants at 14. The Weissbergers argue that summary judgment could be granted on their breach of contract, violation of the UTPCPL and fraud claims based upon collateral estoppel because the Bankruptcy Court already had decided that Myers had committed fraud. *Id.* at

12–13, 14, 16, 23, 26;[6] *see also id.* at 24 (wherein the Weissbergers argue that a finding of fraud would constitute a breach of the contract and a violation of the UTPCPL). The Weissbergers assert that the Bankruptcy Court's analysis of their fraud claim, in the context of dischargeability, is the same analysis that the trial court must undertake with regard to fraud. *Id.* at 12–13, 16, 20, 23, 26.

 "Collateral estoppel, or issue preclusion, is a doctrine which prevents relitigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." *Balent v. City of Wilkes–Barre,* 542 Pa. 555, 669 A.2d 309, 313 (1995).

Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Catroppa v. Carlton,* 998 A.2d 643, 646 (Pa.Super.2010) (citation omitted). Furthermore, "[t]he judgments of the federal courts are owed their due force and full effect in state courts." *In re Stevenson,* 615 Pa. 50, 40 A.3d 1212, 1222 (2012); *see also Atiyeh v. Bear,* 456 Pa.Super. 548, 690 A.2d 1245, 1249–50 (1997) (applying the collateral estoppel doctrine to a decision of

---

**5.** We will address the Weissbergers' claims together as they are interrelated.

**6.** While the Weissbergers use the terms *res judicata* and collateral estoppel throughout

their argument, they rely exclusively on the doctrine of collateral estoppel to support their claims.

bankruptcy courts, and precluding the re-litigation of the same issue in this Court).

However, the Restatement (Second) of Judgments, Section 28,[7] sets forth exceptions to the applicability of the collateral estoppel doctrine:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

\* \* \*

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or **the adversary has a significantly heavier burden than he had in the first action**[.]

RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) (1982) (emphasis added); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 28 cmt. f (1982) (stating that because the allocation and weight of the burden of proof is critical in determining who should prevail, "the process by which the issue was adjudicated cannot be reconstructed on the basis of a new and different burden," and the collateral estoppel doctrine is inapplicable).

 Here, the Bankruptcy Court addressed the Weissbergers' Adversary Complaint that Myers's debt is not dis-

chargeable under 11 U.S.C.A. § 523(a)(2)(A). N.T., 1/27/12, at 3–5, 7, 10, 13.[8]

To successfully challenge the dischargeability of debt under section 523(a)(2)(A), the creditor must establish that: (1) the debtor made the representations knowing they were false; (2) the debtor made the representations with the intent and purpose of deceiving the plaintiff; (3) the creditor justifiably relied on the debtor's false representations; and (4) the creditor suffered a loss or damage as a proximate consequence of the representation having been made.

*In re Antonious,* 358 B.R. 172, 182 (Bkrtcy.E.D.Pa.2006); *accord* N.T., 1/27/12, at 4. The Bankruptcy Court utilized the preponderance of the evidence standard in making its decision. *See* N.T., 1/27/12, at 7; *In re Antonious,* 358 B.R. at 181 (stating that "[w]hen a creditor seeks a determination that he holds a nondischargeable debt under 11 U.S.C.[A.] § 523(a), he bears the burden of demonstrating nondischargeability by a preponderance of the evidence."); *see also Ferri v. Ferri,* 854 A.2d 600, 603 (Pa.Super.2004) (stating that "[t]he preponderance of evidence standard is defined as the greater weight of the evidence, i.e., to tip a scale slightly is the criteria or requirement for preponderance of the evidence.") (citation and internal quotation marks omitted); *In re Hancock,* 719 A.2d 1053, 1056 (Pa.Super.1998) (stating that the preponderance

---

**7.** *See Rue v. K–Mart Corp.,* 552 Pa. 13, 713 A.2d 82, 86 (1998) (citing favorably to Section 28 of the Restatement (Second) of Judgments, which delineates exceptions to the collateral estoppel doctrine); *accord Cohen v. W.C.A.B. (City of Philadelphia),* 589 Pa. 498, 909 A.2d 1261, 1267 n. 13 (2006).

**8.** We note that the record does not contain any transcripts of testimony or the evidence produced in the Bankruptcy Court. Instead,

the Weissbergers only attached a transcript of the Bankruptcy Court's decision with regard to their Adversary Complaint to their Motion for Partial Summary Judgment. It is well-noted that "it remains the appellant's responsibility to ensure that a complete record is produced for appeal." *Kessler v. Broder,* 851 A.2d 944, 950 (Pa.Super.2004) (citation omitted).

of evidence standard "results in decisions in favor of the litigant who can better prove his case, leaving the risk of error shared almost equally by the parties."). Under this standard, the Bankruptcy Court determined that Myers's debt was not dischargeable under section 523(a)(2)(A). N.T., 1/27/12, at 13.

By contrast, to prove fraud in their current action, the Weissbergers are required to prove the following elements:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Milliken v. Jacono*, 60 A.3d 133, 140 (Pa.Super.2012). The Weissbergers' burden of proof to prove their fraud claim is clear and convincing evidence. *Kostryckyj v. Pentron Lab. Techs., LLC*, 52 A.3d 333, 338–39 (Pa.Super.2012). "Clear and convincing evidence is the highest burden in our civil law and requires that the factfinder be able to come to clear conviction, without hesitancy, of the truth of the precise fact in issue." *Spaw v. Springer*, 715 A.2d 1188, 1189 (Pa.Super.1998) (quotation marks and citation omitted); *see also V-Tech Servs., Inc. v. Street*, 72 A.3d 270, 276 (Pa.Super.2013).

Although the *elements* to prove fraud in the Bankruptcy Court and Pennsylvania state courts are similar, the Weissbergers' *burden* to prove fraud by clear and convincing evidence as plaintiffs in a Pennsylvania state court is significantly heavier than their burden of preponderance of the evidence as creditors in the Bankruptcy Court. *See Pittsburgh Nat. Bank v. Larson*, 352 Pa.Super. 250, 507 A.2d 867, 869 (1986) (stating that a party proving fraud must meet the more exacting standard of clear and convincing evidence, which is a higher standard of persuasion than mere preponderance of the evidence); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) (1982). Thus, the fact that the Weissbergers' proved fraud by the preponderance of the evidence in the Bankruptcy Court does not establish that they met their burden of proving fraud by clear and convincing evidence. Accordingly, because the Weissbergers' burden of proving fraud substantially increases in our courts, the collateral estoppel doctrine is foreclosed in this case.[9]

9. While Pennsylvania Courts have not address this specific situation, other jurisdictions have resolved the matter in a similar manner. *See, e.g., Grogan v. Garner*, 498 U.S. 279, 284–85, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) and stating that where a prior judgment applied a preponderance of the evidence burden of proof, this judgment could not be given collateral estoppel effect in a subsequent proceeding that applied a clear and convincing evidence burden of proof); *Sec. and Exch. Comm'n v. Bilzerian*, 153 F.3d 1278, 1281 (11th Cir.1998) (stating that one of the essential elements that has to be satisfied in order for collateral estoppel to be applicable to prior findings by another court is that the burden of persuasion in the subsequent action cannot be significantly heavier than the prior action); *In re Braen*, 900 F.2d 621, 624 (3d Cir.1990), *abrogated on other grounds by, In re Graham*, 973 F.2d 1089, 1099–1101 (3d Cir. 1992) (stating that the collateral estoppel doctrine was inapplicable where the first proceeding had a preponderance of the evidence burden and the second proceeding had a clear and convincing evidence burden); *In re G.G.*, 97 P.3d 1155, 1159–60 (Okla.Civ.App. 2004) (concluding that court's finding that the State met its burden of proving child's deprived status by a preponderance of the evidence at the adjudication stage did not establish that the State met its burden of proving the termination of mother's parental rights by clear and convincing evidence); *Klinefelter v. Crum & Forster Ins. Co.*, 675 N.W.2d 330, 336 (Minn.App.2004) (rejecting application of col-

Moreover, the minimal evidence of record does not establish a finding of fraud by clear and convincing evidence. *See* Trial Court Opinion, 5/28/13, at 6, 8. Relatedly, the trial court did not err in denying the Weissbergers' Motion for Partial Summary Judgment on their breach of contract and UTPCPL claims as the record does not clearly show that there is no genuine issue of material fact. *See id.* at 5–6.

Based upon the foregoing, the trial court properly denied the Weissbergers' Motion for Partial Summary Judgment.

Order affirmed.

lateral estoppel because issues arose "under different substantive and procedural rules"); *see also McClendon v. State,* 539 So.2d 1375, 1378 (Miss.1989) (stating that the difference between the preponderance standard and the clear and convincing standard is significant and that a party bearing the burden of proof might carry the day under a preponderance standard but yet fail under a clear and convincing standard).