## Molinari v. Canale

C.P. of Monroe County, No. 9634 CIVIL 2013

*Jorge M. Pereira*, for plaintiff.
*Anthony Roberti*, for defendant.

WILLIAMSON, *J.*, March 11, 2015—This matter comes before us on a Motion for Summary Judgment filed by Dominic J. Molinari, as Executor of the Estate of Charles G. Molinari (hereafter "Plaintiff"), on December 17, 2014. Eva M. Canale (hereafter "Defendant") filed a Response to Plaintiff's Motion for Summary Judgment on January 15, 2015.

## Background

On November 15, 2013, Plaintiff filed a Complaint against Defendant alleging that the real property at 608 Thomas Street, Stroudsburg, PA ("real property"), was solely owned by Charles G. Molinari (hereafter "Decedent") at his death and should be part of Decedent's estate. Decedent died on January 3, 2012. At the time of Decedent's death, Defendant was residing at the real property. Defendant and Decedent had been involved in a romantic relationship and Defendant avers the property was gifted to her by the Decedent prior to his death.

On or about July 2, 2012, Plaintiff as Executor of Decedent's Estate, sent a letter to Defendant, advising Defendant of his intentions with regards to the real property and offering Defendant the option to either rent the real property from the Estate for $1,500 per month, or purchase the real property at the price of $250,000, Defendant claims right to the real property because of a deed which is dated June 11, 2002, but which was not recorded until August 8, 2012. Defendant states that on June 11, 2002, she received delivery of the executed and notarized deed with instructions to complete the deed by typing her own name and the name of Charles J. Molinari, as joint tenants with the right of survivorship as the

grantees, and inserting the metes and bounds description for the real property at issue. Defendant alleges she completed the deed as authorized by Decedent after visiting with Decedent in the hospital, just prior to his death. Defendant alleges Decedent instructed her not to immediately file the deed in 2002, because there was a mortgage against the property and Decedent did not want to create a default on it.

Plaintiff alleges that Decedent did not authorize this transfer of the real property and that is the reason why Defendant did not record the deed until after Plaintiff sent a letter regarding his intentions with regard to the real property. Plaintiff also claims that the June 11, 2002 deed is a forgery. The Defendant disputes this in her Response to Plaintiff's Motion for Summary Judgment.

## Argument

Plaintiff argues for Summary Judgment against Defendant for the following four counts: Fraudulent Conveyance, Quiet Title, Ejectment, and Unjust Enrichment. Summary Judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466,468-69 (Pa. 1979). Summary Judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa.Super. 1995).

Summary Judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa.Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut, Cos.*, 440 A.2d 616 (Pa.Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa.Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

As the chief factor in the determination of the question whether a legal delivery of a deed has been effected is the intention of the donor to transfer title to the donee, as manifested by his words and actions and by the circumstances surrounding the transaction, it is evident that each case must depend largely upon its own facts. *In re Rynier's Estate*, 347 Pa. 471, 475,

32 A.2d 736, 738 (1943). A claim against the estate of a decedent for an inter vivos gift must be supported by clear and convincing evidence. *In re Martella's Estate*, 390 Pa. 255, 258, 135 A.2d 372, 373 (1957). To constitute a valid inter vivos gift, two essential elements are required: 1) An intention to make an immediate gift, and 2) such an actual or constructive delivery to the donee either (a) to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein. *Id.* At this time, there appear to be factual questions with regard to the deed that are in dispute as follows:

## Fraudulent Conveyance

Plaintiff is seeking relief for a fraudulent conveyance. To prove a civil fraud claim, a plaintiff is required to prove the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Weissberger v. Myers*, 2014 PA Super 80, 90 A.3d 730 (2014).

Plaintiff alleges that Defendant has admitted the deed was a forgery, that the Monroe County Recorder of Deeds relied upon this fraudulent deed, and this deprived Plaintiff of the real property. However, Defendant has denied that the deed was a forgery and continues to maintain that Decedent expressly intended to transfer

the deed to Defendant. There is no apparent dispute that the deed presented was signed by the Decedent. The description and grantees were admittedly inserted on the deed close in time to the Decedent's death, and not in 2002 when the deed was signed. Whether or not the Defendant had authority to do so depends on facts that are in dispute concerning the Decedent's intentions. This is a genuine issue of material fact since whether the deed is a forgery is the basis for the count of fraudulent conveyance. Therefore, a Motion for Summary Judgment as to fraudulent conveyance is not warranted at this time.

We also note that Plaintiff cited in his Brief that the affidavit of Charleen Bush supported the assertion that the Decedent often notarized deeds in blank like the one in question. In review of that affidavit, attached as Exh. H of Plaintiff s Motion for Summary Judgment, no such statement was made by Ms. Bush. The affidavit states at paragraph 5 that Ms. Bush worked in the office building with Decedent and Eva Canale for many years and "often notarized Indentures/Deeds for Mr. Molinari." There is no mention that she often notarized blank deeds for the Decedent.

As to Plaintiff's argument against a parol gift of land, Plaintiff overlooks that Defendant had resided at the real property for ten (10) years prior to the execution of the blank deed and that Defendant possessed the deed prior to Decedent's death. The issue of valuable improvements to the property is a question of fact. Therefore, to dismiss the matter for failure to show a parol gift would also be premature.

## Quiet Title and Ejectment

It is procedurally improper to simultaneously commence both an action in ejectment and an action to quiet title regarding the same parcel of real estate. Ordinarily, the plaintiff in an action to quiet title must be in possession of the land in controversy; if he is out of possession, his sole remedy is an action in ejectment. *Grossman v. Hill*, 384 Pa. 590, 593,122 A.2d 69, 71 (1956). An action to quiet title maybe brought only where an action in ejectment will not lie. *Id.* at 594,122 A.2d at 71; Pa.R.C.P. No. 1061 (b)(2). Ejectment, being a possessory action, can be maintained if the plaintiff has a right to immediate possession with the concomitant right to demand that the defendant vacate the land. *Plauchak v, Boling*, 439 Pa. Super. 156, 162, 653 A.2d 671, 674 (1995).

The Plaintiffs' burden in an action in ejectment at law is clear: they must establish the right to immediate exclusive possession. Recovery can be had only on the strength of their own title, not the weakness of the defendant's title. The crux of an ejectment action, therefore, rests with the plaintiff's' ability to identify, by a preponderance of the evidence, the boundaries of a parcel of land to which they are out of possession but for which they maintain paramount title. *Id.*

Since Plaintiff is not in possession of the real property at issue, the proper action here is ejectment. Plaintiff's argument is that Defendant has admitted the deed is a forgery, and thus, Plaintiff's right to title is paramount. However, Defendant has denied that the deed was a forgery and continues to maintain that Decedent expressly intended to transfer the deed to Defendant. The issue of

receipt of the deed, intentions regarding the description and grantees, and the timing of the matter are all factual issues in question. Therefore, there is a genuine issue of material fact whether or not the deed is in fact a forgery, and therefore, summary judgment cannot be entered on the basis of ejectment or quiet title.

## Unjust Enrichment

The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched. Moreover, the most significant element of the doctrine is whether the enrichment of the defendant is unjust. The doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff. *StoeckinRer v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828,833 (Pa. 2008).

Plaintiff's argument is that Defendant has, without having good title to the real property, continued to reside at the real property at issue without payment of any rent, taxes, mortgage, or insurance on the real property. However, Defendant alleges that she does have good title to the real property because the deed was executed and delivered to her by Decedent with the intent to transfer the real property to Defendant. There is a genuine issue of material fact regarding the circumstances upon which the

deed was signed and the intentions surrounding same that summary judgment cannot be granted at this time.

## Conclusion

Plaintiff's Motion for Summary Judgment is denied because there is a material dispute as to the validity of the deed to the real property in question. Since every count in the Motion for Summary Judgment is dependent on the validity of the deed, and that fact is in dispute, a Motion for Summary Judgment is not proper at this time.

## ORDER

AND NOW, this 11th day of March, 2015, upon consideration of the Motion of Plaintiff Dominic J. Molinari, as Executor of the Estate of Charles G. Molinari, for Summary Judgment, the Motion for Summary Judgment is DENIED.