J-A20019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| EDWARD CAPPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNA JEAN CAPPER | : | No. 1803 MDA 2016 |

Appeal from the Order Entered September 30, 2016
In the Court of Common Pleas of Columbia County
Civil Division at No(s):  1518 of 2013 DV

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED FEBRUARY 13, 2018**

Appellant, Edward Capper ("Husband"), appeals from the order entered in the Court of Common Pleas of Columbia County, finding him in contempt of a court order. We affirm.

The relevant facts and procedural history of this case are as follows. Husband and Appellee, Donna Jean Capper ("Wife"), were married in 2005. Husband filed for divorce in 2013. The court appointed a special master. The master found the parties had considerable debt, both in their capacity as individuals and as a couple.

The couple owned two residences at the date of separation, with both houses titled in Husband's name. The master classified the Knob Road residence as a premarital property of Husband's, and the Dairy Road home as the marital residence. The mortgage remaining on the Dairy Road residence exceeded the home's value. Husband sold the Knob Road property after the

parties separated, and applied the $70,000.00 garnered from the sale to the mortgage debt on the Dairy Road home.

Nevertheless, the master found the parties' debts far surpassed their assets. The master also noted Husband earned a substantially greater salary, more than three times that of Wife. The master's recommendation to the court made each party responsible for individual debts, and left the encumbered Dairy Road residence to Husband. The master also advised that Husband pay $1,400.00 per month in alimony to Wife, for one year.

The master later issued a supplement to his report; in it, he changed his earlier classification of the Knob Road home as Husband's premarital property, to a marital residence. The master then proposed that Husband account to Wife for the $70,000.00 he acquired from the sale of the Knob Road home, as Husband had applied it to his own debt burden rather than any shared marital debt. The master recommended Husband make a payment of $42,000.00 to Wife within 90 days of the report.

Neither Husband nor Wife filed exceptions to the master's report or supplement. The master motioned for entry of final decree. The court then entered the decree.

Several months later, Wife filed a petition for contempt due to Husband's failure to pay her the lump sum of $42,000.00. The court issued a rule to show cause, held a hearing on the issue, and ultimately found Husband in contempt. The court ordered Husband to pay Wife $42,000.00, as well as reasonable attorney's fees resulting from the contempt proceedings. Husband's appeal is

now before us.

Preliminarily, we address Husband's attempts to shoehorn his alimony argument into his appeal from the contempt proceedings. Husband claims his continued overpayment of alimony proves he acted without intent to disregard a court order. Husband's contention is inaccurate and meritless.[1] Thus, we decline to consider it in addressing Husband's challenge to the court's finding of contempt. And as for that challenge to the contempt finding, it is a claim we cannot review.

It is the appellant's responsibility to ensure the certified record is complete prior to its transmission to this Court. **See Weissberger v. Myers**, 90 A.3d 730, 734 n. 8 (Pa. Super. 2014). "[For] purposes of appellate review, what is not in the certified record does not exist." **Ruspi v. Glatz**, 69 A.3d 680, 691 (Pa. Super. 2013) (citation omitted). Rule 1911 of the Rules of Appellate Procedure dictates, "The appellant shall request any transcript required … *and make any necessary payment or deposit therefor*[.]" Pa.R.A.P. 1911(a) (emphasis added). **See also** G. Ronald Darlington, et al., *Pennsylvania Appellate Practice* § 1911:1-4, Volume 20A (2017–2018 ed.).

---

[1] Alimony is imposed "[w]here a divorce decree has been entered[.]" 23 Pa.C.S.A. § 3701. To the extent Husband contends he made alimony payments between the master's initial recommendations and the court's entry of the divorce decree over one year later, we find that these were alimony pendente lite payments made pursuant to a separate order. Husband's payments to Wife were not technically alimony until the court entered the divorce decree—more than one year after the master first filed his recommendations. Husband's year of required alimony payments began on May 20, 2016, when the divorce decree was entered.

The court found Husband in contempt after holding a hearing on the issue. Unfortunately, a transcript of that hearing was not included in the certified record. The certified record shows Husband requested a transcript of the proceeding, but there is no indication in the record that he paid for the transcript. Husband is not proceeding *in forma pauperis* in this appeal. Consequently, personnel from this Court contacted the trial court to locate the transcript.[2] The court confirmed that Husband did request the transcript, but failed to pay the stenographer.

Husband, as the appellant, was responsible for both ordering *and* paying for the transcript. **See** Pa.R.A.P. 1911(a). Without it, we are unable to review his claim. Thus, we find Husband's challenge to the trial court's contempt order waived. **See**, **e.g.**, **MacPherson v. Magee Memorial Hosp. for Convalescence**, 128 A.3d 1209, 1224 (Pa. Super. 2015) (finding argument based on document not included in certified record waived). Accordingly, Husband is due no relief, and we affirm the contempt order.

Order affirmed.

_____

[2] Typically, this Court declines to undertake a search for missing documents, as the responsibility for ensuring a complete record lies with the appellant. **See Weissberger**, 90 A.3d at 734 n. 8. However, the certified record in the instant case reflected that Husband did request the transcripts. Thus, we believed the omission may have occurred "by error, breakdown in the processes of the court, or accident," which we are permitted to correct. **See** Pa.R.A.P. 1926(b). Following our inquiry, we found that was not the case here.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/13/2018