J-A18036-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| PPG ARCHITECTURAL FINISHES INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1960 WDA 2016 |
| N. SIPERSTEIN WEST-END PAINT COMPANY INC., SIPERSTEIN WEST END PAINT CORPORATION AND SIPERSTEIN'S BRICKTOWN PAINT CORPORATION | : : : : | |

Appellees

Appeal from the Order December 4, 2016
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-11-001095

BEFORE:  BOWES, J., LAZARUS, J., and OTT, J.

DISSENTING MEMORANDUM BY BOWES, J.:        FILED MARCH 26, 2018

Although I agree with portions of the learned majority's analysis, I believe that the issues raised by Appellant, PPG Architectural Finishes Inc. ("PPG"), are barred by collateral estoppel.  As such, I would affirm the trial court's order sustaining the preliminary objections of Appellees, N. Siperstein West-End Paint Company Inc., Siperstein West End Paint Corporation, and Siperstein's Bricktown Paint Corporation.  Hence, I dissent.

As the resolution of this matter requires an understanding of previous litigation relevant to these proceedings, see PPG Architectural Finishes

Inc. v. Siperstein, 60 A.3d 561 (Pa.Super. 2012), appeal denied, 7 A.3d 812 (Pa. 2013), I begin by recounting this Court's recitation of the factual background of that case. That proceeding involved a complaint filed by PPG against fifteen separate legal entities, not including the above-named Appellees, doing business under the trademark "Siperstein's," (referred to in that matter as the "Siperstein Companies") and Lawrence Katz ("Katz"), an officer and owner of a number of the Siperstein Companies. We previously set forth the following:

> PPG and the Siperstein Companies had a business relationship that dated back to the early 1980s, by which the Siperstein Companies submitted purchase orders to PPG in Pennsylvania for varying quantities of paint on open account. PPG shipped the orders from Harrisburg, Pennsylvania to the various Siperstein Companies' locations in New Jersey, Massachusetts, and Connecticut. The business typically amounted to sales of $2 million to $3 million each year.
>
> The invoices for the shipments indicated the specific Siperstein Company to which the products were being shipped and billed, and PPG kept an accounting of the amounts owed by each Siperstein Company. However, PPG internally had only one account number that included all of the Siperstein Companies, excepting the Bergenfield store, which requested its own account. The Siperstein Companies then submitted payment to PPG in Pennsylvania, either with a check from the relevant company's individual account or with a check from a consolidated account that indicated for which store payment was being made.
>
> In the mid-to-late 2000s, PPG began having difficulty obtaining timely payment from Siperstein Companies. Katz executed several promissory notes in his individual capacity, each relating to an amount owed by a specific Siperstein store, to secure continued shipments of products from PPG. Katz also repeatedly informed individuals at PPG that he would see to it that PPG was paid amounts not secured by one of the promissory notes. PPG eventually required immediate payment for new

- 2 -

orders, plus an additional 50% to be applied to past-due orders, before it would ship any additional product to any of the Siperstein Companies. Eventually, because the Siperstein Companies failed to pay down the debt, PPG ceased filling orders.

PPG filed a complaint in the Allegheny County Court of Common Pleas on June 5, 2009 [(the "2009 action")]. The complaint states counts of breach of contract, quantum meruit, and account stated against the Siperstein Companies for past-due invoices totaling over $800,000, as well as counts of breach of contract, promissory estoppel, and negligent misrepresentation against Katz individually for his oral promises to see that PPG was paid.

PPG, supra, 60 A.3d 561 (unpublished memorandum at *2-4). Following a non-jury trial, the trial court entered a verdict in favor of PPG, and against Siperstein Bergenfield Paint & Wallpaper Co., Inc. in the amount of $43,901.25, and against the remaining Siperstein Companies, jointly and severally, in the amount of $794,747.60. Both parties appealed.

As is pertinent here, on appeal PPG contended that the trial court "erred in excluding from the amount awarded to PPG in its verdict the amounts due for product delivered by PPG to Siperstein's Long Branch location and Bricktown location when the undisputed evidence of record established that the Long Branch and Bricktown locations were part of the "Siperstein Chain," . . . and where the trial court held that the other members of the "Siperstein Chain" were jointly and severally liable for the entire debt owed to PPG by the chain." Id. at *8.

On appeal, we determined, inter alia, that PPG had failed to satisfy the procedural requirements necessary to allege that the Siperstein Companies were jointly and severally liable as an unincorporated association. Id. at *18.

Nevertheless, we affirmed the trial court's conclusion that the entities sued therein, which did not include Appellees, were estopped from denying joint and several liability based on well-established principles of agency. Id. at *19-23. In this vein, we found that the record supported the trial court's conclusion that PPG reasonably believed that the Siperstein Companies "were a single entity, or a de facto partnership of companies." Id. at *22. In addition, the record supported its finding that "PPG reasonably relied on its belief to its detriment in continuing to extend credit to the Siperstein Companies with the expectation that the companies would cover each other's debts," and thus, that the Siperstein Companies were jointly and severally liable "for the entire debt on PPG's group account." Id. at *22-23.

Following this determination, we considered whether the trial court had erred in excluding from the verdict the debts of the Long Branch and Bricktown locations, since they were not named defendants in that case. We held that, because "each and all of the Siperstein Companies whose orders were billed to the main PPG account are jointly and severally liable for the entire debt of that account, the entire debt of that account should be included in the verdict." Id. at *23. In addition, we noted, "[w]hether all of the legal entities that had outstanding debts on the account were parties to the action is immaterial." Id. at *23-24. As the record did not include a stipulation as to the debts owed by those stores, we remanded for the trial court to determine whether there was sufficient proof of the debts of the Long Branch and Bricktown stores for inclusion in the verdict against the Siperstein Companies.

Subsequently, the Pennsylvania Supreme Court denied a petition for review. PPG Architectural Finishes, Inc. v. Siperstein, 7 A.3d 812 (Pa. 2013). Thereafter, on remand, the trial court, by order dated March 19, 2014, modified the original verdict to include the amounts stipulated as owed by the Long Branch and Bricktown stores, and which were otherwise included in the invoice of the main PPG account. Despite our finding that each of the legal entities with debts owed on PPG's main account were jointly and severally liable, PPG could only enter judgment against the defendants named in the 2009 action.

While the 2009 action was pending, PPG filed the instant complaint in 2011, seeking damages for breach of contract and quantum meruit against Appellees, who represent Siperstein's Long Branch and Bricktown locations. PPG raised many of the same allegations it raised in the 2009 action, including that Appellees were jointly and separately liable for the indebtedness of the entire Siperstein enterprise. Appellees filed preliminary objections contending that the matter was barred by collateral estoppel and res judicata. Before the trial court ruled on Appellees' preliminary objections, the matter was stayed pending the resolution of the 2009 action. On December 4, 2016, the trial court sustained Appellees' preliminary objections on the basis of res judicata and collateral estoppel. PPG filed a timely notice of appeal and complied with the trial court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

PPG raises five questions for our consideration:

1. Whether the trial court erred in finding that res judicata and collateral estoppel applied because the named defendants in this action were not named parties and no verdict was entered against them in the [2009 action].

2. Whether the trial court erred in concluding that it previously considered the adequacy of the evidence as to whether the stores operated by the defendants in this action formed part of the "Siperstein chain" and concluded that these stores were not part of such chain.

3. Whether the trial court erred in finding that res judicata and collateral estoppel were applicable because, in doing so, the [trial court] failed to distinguish store locations operated by defendants with corporate entities that have been sued or may be sued.

4. Whether the trial court erred in sustaining preliminary objections because res judicata and collateral estoppel are affirmative defenses that are not properly raised by way of preliminary objections.

5. Whether the requirements of res judicata and collateral estoppel have been met.

Appellant's brief at 2-3.

As a preliminary matter, I agree with the majority's determination that PPG waived its fourth issue, which challenged the procedural propriety of sustaining Appellees' preliminary objections based on res judicata and collateral estoppel. I believe that the majority correctly reasoned that PPG waived this argument by failing to preserve this issue by filing preliminary objections to Appellees' preliminary objections.

Turning to the merits of this matter, I disagree with the majority's conclusion that the trial court erred in sustaining Siperstein's preliminary

objections based on collateral estoppel. The following guidelines are relevant to our analysis:

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*Perelman v. Perelman*, 125 A.3d 1259, 1263 (Pa.Super. 2015) (citation omitted).

PPG contends, in part, that the trial court erred in sustaining Appellees' preliminary objections based on the doctrine of collateral estoppel. This Court has previously observed, "[c]ollateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." *Weissberger v. Myers*, 90 A.3d 730, 733 (Pa.Super. 2014) (citation omitted). Collateral estoppel applies to bar re-litigation of an issue where

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person in privity against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Id.* (citation omitted).

PPG initiated the present action based on its claim that "recovery could not be effected against the 2009 defendants." Appellant's brief at 8. PPG

contends that the issue herein is whether Appellees, as opposed to the Siperstein Companies named in the 2009 action, are jointly and severally liable for the debt owed by the Long Branch and Bricktown stores. Appellant's brief at 10. It maintains that, since Appellees were not parties to the 2009 action, whether they were jointly and severally liable was not an issue in that matter. PPG alleges that the corporate entities named in this action are distinguishable from the store locations found to be jointly and severally liable in the 2009 action.[1] PPG argues that, since Pa.R.C.P. 2177 requires an action against a corporate entity to be prosecuted in its corporate name, and Appellees were not named in the 2009 action, they were not subject to the verdict. Finally, PPG contends, without development, that since Appellees were not parties to the 2009 action, "the other requirements for . . . collateral estoppel are not met." Appellant's brief at 15.

The majority begins its analysis by reiterating this Court's previous holding in the 2009 action that the Siperstein Companies were jointly and severally liable "because they 'caused PPG to have the reasonable belief that they were a single entity, or a de facto partnership of companies.'" Majority Memorandum, at 14 (citing PPG, supra, 60 A.3d 561 (unpublished memorandum at *22)). It also notes that PPG raised the same allegation in the 2011 action. Nonetheless, the majority, apparently accepting PPG's

_____

[1] Nevertheless, PPG concedes that, on remand, the trial court modified its original verdict to include the stipulated amounts owed by the Long Branch and Bricktown stores. Appellant's brief at 11.

- 8 -

argument that it is dispositive that the corporate defendants in this matter are different from the Long Beach and Bricktown Siperstein locations whose debts were included in the 2009 verdict, determined that "[t]herefore . . . PPG may pursue its claim of joint and several liability against the 2011 Defendants based upon a de facto partnership theory." Majority Memorandum, at 15.

Finally, the majority contests the trial court's determination that PPG should have sought to amend the 2009 complaint to include the Long Branch and Bricktown locations, or to consolidate it with the instant matter. It observes that Pa.R.C.P. 213 places it within the trial court's discretion to determine whether two matters should be consolidated. Although it may be true that the trial court had discretion to consolidate the actions, it was not obligated to do so. In any case, this reasoning does not otherwise implicate collateral estoppel. Since I find that the elements of collateral estoppel are clearly met in this case, I respectfully disagree with the majority's analysis.

Regarding the first prong of the collateral estoppel analysis, I submit that the issues in the two cases are identical. The issue decided in the 2009 action was whether the "Siperstein Companies," who owed debts on PPG's main account, were jointly and severally liable for the debts owed by the entire enterprise. The issue before us is identical. As noted above, the trial court decided this issue, finding that the Siperstein Companies were jointly and

severally liable, and, on appeal, we affirmed.[2]  Notably, in so affirming, we observed that "[w]hether all of the legal entities that had outstanding debts on the account were parties to the action [was] immaterial."  PPG, supra, at *23-24 (emphasis added).  Furthermore, I am not convinced that it is dispositive that the corporate entities that represent the Long Beach and Bricktown stores in this proceeding are legally distinct.  We previously found that the Siperstein Companies were jointly and severally liable for "all of the legal entities that had outstanding debts" owed to PPG, id., and, unlike res judicata, collateral estoppel does not require identity of the parties to be applicable.  Although PPG could have used collateral estoppel as a sword in this action, the doctrine does not preclude Appellees herein, who were third parties to the 2009 action, from employing it as a shield.

Second, this issue was litigated to a final judgment on the merits in the prior action.  Following trial, it proceeded to direct appeal, and after this Court affirmed the trial court's order, our High Court denied the petition for allowance of appeal.  Third, it is undisputed that PPG, the party against whom collateral estoppel is being asserted, was a party to the 2009 action.  Fourth, given the extended litigation, numerous pre-trial motions, and hearings, which culminated in a non-jury trial followed by lengthy appellate proceedings, PPG

---

[2] As noted, infra, we found that "each and all of the Siperstein Companies whose orders were billed to the main PPG account are jointly and severally liable for the entire debt of that account[.]"  PPG Architectural Finishes Inc. v. Siperstein, 60 A.3d 562 (Pa.Super. 2012) (unpublished memorandum at *23) (emphasis added).  It is undisputed that the Long Branch and Bricktown locations owed debts on the main PPG account.

- 10 -

was certainly afforded a full and fair opportunity to litigate the issue. Indeed, PPG's allegations that individual Siperstein Companies were jointly and severally liable for the debts owed by other Siperstein Companies was ultimately adjudicated in its favor. Finally, the finding that individual Siperstein Companies were jointly and severally liable to PPG was essential to the prior judgment, as that was the primary focus of the prior litigation, and resolved the question of liability among the myriad defendants.

I am unpersuaded by PPG's assertion that, since the corporate entities named as defendants herein were not named parties in the 2009 action, the elements of collateral estoppel are somehow inapplicable or unmet. Indeed, the doctrine of collateral estoppel speaks directly to this situation. As we observed above, collateral estoppel is intended to "prevent re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." Weissberger, supra. A prior court of concurrent jurisdiction determined, as a factual and legal matter, that the whole of the Siperstein enterprise is jointly and severally liable for the debts of its separate legal entities, including the corporations named in this suit that represent the Long Branch and Bricktown stores. Indeed, the stipulated amounts of those stores' debts were added to the modified verdict at the conclusion of the 2009 action.

Further, we must be mindful of the distinction between issue preclusion and claim preclusion. Whereas res judicata bars re-litigation of a particular claim, collateral estoppel applies more broadly. Collateral estoppel bars all

claims where the factual or legal predicate supporting those claims, i.e. the underlying issue, has previously been determined. Hence, when issue preclusion applies, it may bar multiple claims if they all rely upon identical legal or factual underpinnings.

In this case, collateral estoppel operates to bar PPG from relitigating whether third parties are liable for the debts previously adjudicated because that issue was decided in its favor in the 2009 action. It is irrelevant what cause of action it asserts in this proceeding to reach the conclusion that Appellees are jointly and severally liable for the debts of the Siperstein enterprise, or even merely the Long Branch and Bricktown stores, as the factual and legal basis of that issue has been decided.

Nor does PPG's inability to satisfy its judgment against the 2009 defendants alter this conclusion. In the 2009 action, the court determined that PPG was entitled to recover the amounts owed by the Siperstein Companies, including the balances owed by the Long Branch and Bricktown locations participating in this matter. Whether PPG can collect on those debts is not relevant to the outcome of this proceeding.[3] Appellees, as legal entities within the Siperstein enterprise who owed debts on PPG's main account, have been found to be jointly and severally liable for that award. PPG, supra at

---

[3] In this sense, I agree with the trial court's insistence that PPG should have ensured that Appellees were a party to the 2009 action. If PPG truly cannot collect on the 2009 verdict, it has only itself to blame since it could have ensured that all of the Siperstein Companies indebted on its main account were parties to that proceeding.

*23-24. As such, there are no other relevant factual and legal matters left to be decided in this case. Thus, I would find that the trial court did not err in sustaining Siperstein's preliminary objections on the basis of collateral estoppel, and I would affirm its order. For these reasons, I respectfully register this dissent.