J-A08019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| UNITED STATES LIABILITY | : | No. 1287 EDA 2017 |
| INSURANCE COMPANY | : | |

Appeal from the Order Dated March 20, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  June Term, 2015 No. 02354

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 15, 2018**

Joseph Smith appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his motion for post-trial relief filed pursuant to Pa.R.A.P. 227.4.  After careful review, we affirm based on the Honorable Ann Butchart's well-reasoned opinion.

The trial court summarized the facts and procedural history of this case as follows:

> On June 17, 2015, Smith filed a complaint against the United States Liability Insurance Company (hereinafter "USLI").  Smith alleged that USLI failed to honor and pay on a claim under USLI policy CP1570291 [("the Policy")].  The Policy provided coverage for a commercial property owned by Smith on [4804-4808] Tacony Street in Philadelphia, PA [("the Property")].  Smith filed a claim with USLI after the Property was vandalized in 2013. Adjusters for each party differed significantly on their estimates of the damage.  Smith's adjuster projected the costs to be $444,325.71.   USLI's adjuster projected the cost[s] to be $102,302.45.  As part of the USLI claim investigation, Smith

_____
* Retired Senior Judge assigned to the Superior Court.

participated in two [e]xaminations [u]nder [o]ath ("EUO"). During the EUO[s], USLI became aware of inconsistencies between Smith's testimony and his application for insurance coverage with USLI.

On September 21, 2015, USLI filed an [a]nswer with [n]ew [m]atter and [c]ounterclaim. The counterclaim included claims for: (1) declaratory relief under 42 Pa.C.S.A. § 7531; (2) violation of the Pennsylvania Insurance Fraud Statute[,] []18 Pa.C.S.[A.] § 4117; (3) common law fraud; (4) breach of contract; and (5) reverse bad faith. The counterclaim alleged that Smith procured the Policy through fraudulent representation during the application process. On October 20, 2015, Smith preliminarily objected to USLI's reverse bad faith claim. On November 24, 2015, Smith's preliminary objection was sustained and the reverse bad faith claim was stricken.

Trial began on October 31, 2016 and concluded on November 7, 2016, when the jury returned a verdict in favor of USLI on both the claim and the counterclaim. Prior to the jury charge, the parties and the [trial] court discussed the proposed verdict sheet. Neither party objected to the verdict sheet submitted to the jury.

. . .

Pursuant to the jury's verdict, the Court entered an [o]rder on November 15, 2016, declaring Smith's policy void *ab initio*. An assessment of damages hearing was scheduled for December 15, 2016. Following the December 15, 2016 hearing, the [trial] [c]ourt entered an [o]rder directing Smith to pay USLI $285,094.40, representing $157,725.09 for previous claim payments made under the Policy and $127,369.31 for claim expenses incurred. The [o]rder also directed USLI to return $48,467.55 to Smith, representing insurance premiums paid under the voided policy.

On November 17, 2016, Smith filed a [m]otion for [p]ost-[t]rial [r]elief pursuant to Pa.R.C.P. 227, which he later supplemented. On March 20, 2017, the Court entered [o]rders denying Smith's requests for [p]ost-[t]rial [r]elief. On April 14, 2017, Smith filed an appeal to the Superior Court.

Trial Court Opinion, 9/27/17, at 1-3 (citations to record omitted).

Both Smith and the trial court have complied with Pa.R.A.P. 1925. On appeal, Smith raises the following issues for our review:

1. There was insufficient evidence to support a finding that Smith procured the Policy by fraud.

2. The [trial] court improperly and unconstitutionally removed the determination of the award of damages from the jury and lacked a proper basis for awarding damages.

3. The [trial] court's admission of extraneous matters relating to the prior conviction of Smith for corporate tax underpayment and previously paid tax liens and counsel's argument that the juror's insurance premium would rise were unduly prejudicial and in error.

4. It was error to permit USLI to present testimony from an underwriter unrelated to the policy at issue and admit into evidence the 2015 underwriting guidelines.

Brief of Appellant, at i (reformatted and reordered for clarity).[1]

_____

[1] Smith enumerated his questions raised on appeal in the table of contents section of his brief, but his brief does not contain a separate statement of questions presented. **See** Brief of Appellant, at i. Smith avers this error was inadvertent. Reply Brief of Appellant, at 18. Pa.R.A.P. 2111(a)(4) provides as follows:

> (a) **General rule.**--The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> . . .
>
> (4) Statement of the questions involved.

Pa.R.A.P. 2111(a)(4). Here, the absence of a statement of questions presented does not substantially impair our ability to reach the merits of Smith's claims. **See Forrester v. Hanson**, 901 A.2d 548, 551 (Pa. Super.

Smith first claims that the evidence was insufficient to support a finding that he procured the Policy by fraud. Specifically, Smith claims that, while he authorized an agent to sign the Policy application, he himself never saw it, and thus, evidence of his fraudulent intent is purely circumstantial. In addition to Smith's insufficiency claim, he also argues that the trial court erred in denying his motion for judgment notwithstanding the verdict ("JNOV") where the evidence was insufficient to support the jury's finding that he fraudulently procured the policy.

The burden of proof on a civil fraud claim is one of clear and convincing evidence. ***Weissberger v. Myers***, 90 A.3d 730, 735 (Pa. Super. 2014). Clear and convincing evidence is the highest burden in our civil law and requires that the fact-finder be able to come to clear conviction, without hesitancy, of the truth of the precise fact in issue. ***Id.*** To prove a civil fraud claim, USLI must prove the following elements:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

***Id.***

Statutory insurance fraud is established when an entity

. . .

_____

2006) (Superior Court would review appellant's claims where defect did not substantially impair Court's ability to review issues presented).

- 4 -

(2) Knowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim.

18 Pa.C.S.A. 4117(a)(2). By its very nature, "fraud can rarely if ever be shown by direct proof." *Rohm & Haas Co. v. Cont'l Cas. Co.*, 781 A.2d 1172, 1178 (Pa. 2001). "It must necessarily be largely *inferred from the surrounding circumstances*." *Id.* (emphasis added).

Here, the record is replete with evidence that Smith, through an agent, knowingly provided USLI false, misleading and incomplete information in his insurance application statement. First, Smith misrepresented his insurance losses in the three-year period prior to applying for the Policy and did not disclose a relevant foreclosure complaint filed against him within five years of applying for the Policy. Additionally, Smith did not disclose that (1) he had any tax judgments against him when he applied for the Policy, and (2) prior to 2011, he incurred a federal conviction in the Eastern District of Pennsylvania for filing false corporate tax returns. Based on the foregoing, we agree with the trial court that USLI presented the jury with sufficient evidence to determine that Smith committed fraud with intent to deceive when he applied for the Policy.

A motion for JNOV challenges the sufficiency of the evidence presented at trial. *Koller Concrete, Inc. v. Tube City IMS, LLC*, 115 A.3d 312, 321 (Pa. Super. 2015).

> The proper standard of review for an appellate court when examining the lower court's refusal to grant a [JNOV] is whether, when reading the record in the light most favorable to the verdict winner and granting that party every favorable inference therefrom, there was sufficient competent evidence to sustain the verdict. Questions of credibility and conflicts in the evidence are for the trial court to resolve and the reviewing court should not reweigh the evidence. Absent an abuse of discretion, the trial court's determination will not be disturbed.

*Id.* at 320-21 (quotation and citation omitted). JNOV is an extreme remedy, as the trial court cannot lightly ignore the findings of a duly selected jury. *Id.* at 321. JNOV is proper only where the facts are so clear, when viewing the evidence in the light most favorable to the verdict winner, that reasonable minds could not disagree that the verdict was improper. *Id.* "[W]here the jury has been presented with clear and convincing evidence, a motion for JNOV should be denied." *Id.*

Here, the evidence was sufficient to find Smith liable for civil fraud, and thus, we agree with the trial court that it did not err in denying Smith's motion for JNOV.

Smith next claims that the trial court improperly and unconstitutionally removed the determination of the award of damages from the jury and lacked a proper basis for awarding damages. Smith has waived this claim.

Our Supreme Court has held that "an inconsistent verdict provides grounds for objection and, if a party seeks relief upon grounds of verdict inconsistency, it must forward a timely, contemporaneous objection upon the rendering of the verdict." *Criswell v. King*, 834 A.2d 505, 509-10 (Pa. 2003). Therefore, Smith was required to lodge a contemporaneous objection to the

absence of a question regarding damages on the verdict sheet. He did not. Rather, Smith emailed the trial court following proceedings to inquire why the question of damages was not on the verdict sheet.[2] Thus, Smith failed to place a timely objection on the record. Accordingly, we agree with the trial court that Smith has waived this claim. *King*, *supra*.

Lastly, Smith claims that the trial court erred in denying his motion *in limine* seeking to bar USLI from admitting: (1) evidence relating to his prior conviction for corporate tax underpayment; (2) previous tax liens; (3) counsel's argument that the juror's insurance premium would rise; and (4) testimony from a USLI underwriter and evidence of USLI's 2015 underwriting guidelines.

> Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion. ***Commonwealth Financial Systems, Inc. v. Smith***, 15 A.3d 492, 496 (Pa. Super. 2011) (citing ***Stumpf v. Nye***, 950 A.2d 1032, 1035–1036 (Pa. Super. 2008)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Grady v. Frito–Lay, Inc.***, 839 A.2d 1038, 1046 (Pa. 2003).

***Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.***, 77 A.3d 1, 11 (Pa. Super. 2013). "[T]o constitute reversible error, an evidentiary ruling

---

[2] The trial court attached a copy of counsel's email to its opinion, in which counsel for Smith states, in relevant part, "I did not agree to a verdict slip that took damages out of the hands of the [j]ury." Trial Court Opinion, Exhibit N, at 1.

must not only be erroneous, but also harmful or prejudicial to the complaining party." *Parr v. Ford Motor Co.*, 109 A.3d 682, 690-91 (Pa. Super. 2014) (quotation and citation omitted).

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Pa.R.E. 401. "The court may exclude the relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. "Unfair prejudice" means a tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially. *Castellani v. Scranton Times, L.P.*, 124 A.3d 1229, 1245 (Pa. 2015).

First, Smith argues the Policy application did not specifically request disclosure of past or present liens, and thus, the trial court erred in allowing the admission of his prior tax liens. This claim is meritless. We agree with the trial court that because the USLI insurance application required the identification of any active tax liens within five years preceding the application, evidence of such liens was more probative than prejudicial. The tax liens were relevant and probative of USLI's fraud counterclaim. Therefore, the trial court did not abuse its discretion in admitting evidence of Smith's prior tax liens.

Second, Smith claims that it was improper for the trial court to admit evidence of his convictions for corporate tax underpayments because they are irrelevant and prejudicial.

> Prejudice . . . does not mean detrimental to a party's case, but rather, an undue tendency to suggest a decision on an improper basis. Where evidence is alleged to be prejudicial, but it[ is] actually quite relevant to one of the inquiries in the case, it has been held that the probative value of the evidence exceeds its prejudicial nature, and the evidence is determined to be properly admitted.

*Sprague v. Walter*, 656 A2d 890, 909 (Pa. Super. 1995). The trial court is not required to sanitize the trial to eliminate all unpleasant facts (e.g., criminal convictions) from the jury's consideration where those facts are relevant to the issues at hand. *Smith v. Morrison*, 47 A.3d 131, 137 (Pa. Super. 2012).

Instantly, the trial court determined that because the USLI's fraud claim rested on proving to the jury that Smith intentionally misrepresented his prior convictions on the Policy application, it was not an abuse of discretion for it to allow his prior convictions into evidence. We agree. The convictions were more probative than prejudicial.

Third, Smith claims that the trial court failed to issue curative instructions regarding defense counsel's comment that Smith's conduct "affect[s] [USLI] and the other policy holders. They pay higher premiums to pay out false claims." N.T. Jury Trial, 11/01/16, at 32. Smith has waived this claim.

In order to preserve an issue for review, litigants must make timely and specific objections during trial. **Harman ex rel. Harman v. Borah**, 756 A.2d 1116, 1124 (Pa. 2000). Here, the trial court found that Smith failed to raise an immediate objection to the aforementioned comment during USLI's closing statement. Our review of the record confirms that Smith's counsel failed to object to USLI's statement, thus, waiving his ability to challenge it on appeal. Accordingly, we agree with the trial court that Smith has waived this issue on appeal.

Finally, Smith argues that the trial court erred in denying his motion *in limine* to preclude the testimony of Patrick Bethel, who is USLI's underwriting vice president. USLI proffered Bethel's testimony to describe, generally, its underwriting practices. Smith argues that the trial court should have precluded Bethel from testifying because: (1) he was not named in a court ordered pre-trial memorandum identifying USLI's witnesses; (2) Smith did not have an opportunity to depose him; and (3) although presented as a fact witness, he was, in fact, an expert witness. The record belies Smith's arguments.

On April 18, 2016, Smith sent notices of depositions to USLI, informing it of his intent to depose "the USLI representative with the most knowledge about the . . . the USLI application that was prepared on or about December 22, 2011." Notice of Depositions, 4/18/16. Smith, however, never deposed any defense witnesses listed in the notice of depositions. On July 21, 2016, USLI, by order of court, timely filed an amended pre-trial memorandum ("Pre-

- 10 -

trial Memorandum") in anticipation of a pre-trial settlement conference. In the Pre-trial Memorandum, USLI identified as a witness a "Corporate Designee of USLI (Underwriting and Claims Practices);" the "Corporate Designee's" mailing address was also provided. Pre-trial Memorandum, 6/22/16, at 12. USLI ultimately selected Bethel as its corporate designee for purposes of testifying to its underwriting and claims practice. That USLI only informed Smith that a corporate designee would testify, rather than specifically naming Bethel, is inconsequential. Smith's failure to depose and/or inquire as to the identity of a key witness, i.e., an underwriting designee, is not error attributable to USLI.

Furthermore, USLI did not proffer Bethel to testify as an expert witness. Bethel's testimony was limited in scope to inquiry regarding USLI's underwriting criteria at the time Smith obtained his commercial insurance policy. Generally, Bethel testified only that he was exceptionally familiar with USLI's underwriting criteria and that USLI's 2011 underwriting criteria, which he generally outlined, was used, then, to determine whether a potential client was eligible for commercial insurance coverage. *See generally* N.T. Jury Trial, 10/31/16, at 4-13. In other words, USLI proffered Bethel only as a fact witness. In light of the foregoing, we agree with the trial court that Smith's claim that the trial court erred in allowing Bethel to testify is meritless.

Following a review of the parties' briefs, relevant law and the certified record, we affirm based on Judge Buchart's well-reasoned opinion. We

instruct the parties to attach a copy of the trial court opinion to any future proceedings.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**FIRST JUDICIAL DISTRIC T OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL SECTION**

| | | |
|---|---|---|
| JOSEPH SMITH | | SUPERIOR COURT |
| | Plaintiff, | NO. 1287 EDA 2017 |
| v. | | |
| UNITED STATES LIABILITY | | |
| INSURANCE COMPANY | | Trial Court Docket: |
| | | June Term,  2015 |
| | Defendant. | Civil Action No. 02354 |

BUTCHART, J.                                                     September 27, 2017

## OPINION

Plaintiff and Counterclaim Defendant Joseph Smith (hereinafter "Smith") appeals the Court's Order of December 20, 2016 (docketed December 22, 2016) which awarded damages in the amount of $285,094.40 (minus premiums paid by Smith) to Defendant and Counterclaim Plaintiff USLI. Smith also appeals the Court's Orders of March 20, 2017 (docketed March 21, 2017) denying Smith's Motion for Post-Trial Relief and his Supplemental Motion for Post-Trial Relief.

### I.     PROCEDURAL HISTORY & FACTUAL BACKGROUND

On June 17, 2015, Smith filed a Complaint against United States Liability Insurance Company (hereinafter "USLI"). Smith alleged that USLI failed to honor and pay on a claim under USLI policy CP1570291 (hereinafter "the Policy"). The Policy provided coverage for a commercial property owned by Smith on Tacony Street in Philadelphia, PA (hereinafter "the Property"). Smith filed a claim with USLI after the Property was vandalized in 2013. Adjusters for each party differed significantly on their estimates of the damage. Smith's adjuster projected



the costs to be $444,325.71. USLI's adjuster projected the cost to be $102,302.45. As part of the USLI claim investigation, Smith participated in two Examinations Under Oath ("EUO"). During the EUO, USLI became aware of inconsistencies between Smith's testimony and his application for insurance coverage with USLI.

On September 21, 2015, USLI filed an Answer with New Matter and Counterclaim. The counterclaim included claims for: (1) declaratory relief under 42 Pa.C.S. §7531; (2) violation of the Pennsylvania Insurance Fraud Statute (18 Pa.C.S. §4117); (3) common law fraud; (4) breach of contract; and (5) reverse bad faith. The counterclaim alleged that Smith procured the Policy through fraudulent representation during the application process. On October 20, 2015, Smith preliminarily objected to USLI's reverse bad faith claim. On November 24, 2015, Smith's preliminary objection was sustained and the reverse bad faith claim was stricken.

Trial began on October 31, 2016 and concluded November 7, 2016, when the jury returned a verdict in favor of USLI on both the claim and counterclaim. Prior to the jury charge, the parties and the Court discussed the proposed verdict sheet. Neither party objected to the verdict sheet submitted to the jury. The verdict sheet is attached as "Exhibit A."

Pursuant to the jury's verdict, the Court entered an Order on November 15, 2016, declaring Smith's policy void *ab initio*. An assessment of damages hearing was scheduled for December 15, 2016. *See* November 15, 2016 Order attached hereto as "Exhibit B." Following the December 15, 2016 hearing, the Court entered an Order directing Smith to pay USLI $285,094.40, representing $157,725.09 for previous claim payments made under the Policy and $127,369.31 for claim expenses incurred. The Order also directed USLI to return $48,467.55 to Smith, representing insurance premiums paid under the voided policy. *See* December 20, 2016 Order attached hereto as "Exhibit C."

2

On November 17, 2016, Smith filed a Motion for Post-Trial Relief pursuant to Pa.R.C.P 227, which he later supplemented. On March 20, 2017, the Court entered Orders denying Smith's requests for Post-Trial Relief. On April 14, 2017, Smith filed an appeal to the Superior Court. On May 3, 2017, Smith filed a Statement of Matters Complained of Pursuant to Pennsylvania Rule of Civil Procedure 1925(b) ("Statement") alleging sixteen (16) separate errors. *See* Statement attached hereto as "Exhibit D." The alleged errors are consolidated and analyzed below. For the reasons set forth, Smith's claims are without merit and the ruling of the Trial Court should be affirmed.

## II.    DISCUSSION

### A.  USLI's Payment for Prior Claims

Smith claims that the trial court erred in permitting USLI to pursue damages beyond those pled in the counterclaim. *See* Statement at ¶ 2. Smith argues that USLI was not entitled to recover payments made for prior claims because USLI did not reference other claims submitted under the Policy in its counterclaim. This claim is without merit.

USLI included in its counterclaim a request for declaratory judgment under 42 Pa.C.S. § 7531, *et seq.* The interpretation of an insurance policy is a matter of law properly resolved by a declaratory judgment. *Aetna Cas. and Sur. Co. v. Roe*, 650 A.2d 94, 98 (Pa. Super. 1994). Section 7532 states, in relevant part:

> "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

3

42 Pa.C.S. § 7532. Section 7533 states:

> Any person interested under a deed, will, written contract, or other writings
> constituting a contract, or whose rights, status, or other legal relations are
> affected by a statute, municipal ordinance, contract, or franchise, may have
> determined any question of construction or validity arising under the
> instrument, statute, ordinance, contract, or franchise, and obtain a declaration
> of rights, status, or other legal relations thereunder.

Section 7539 states:

> (a) General rule.--Relief may be granted under this subchapter
> notwithstanding the fact that the purpose or effect of the proceeding, in whole
> or in part, is to resolve or determine a question of fact.
> (b) Jury trial.--When a proceeding under this subchapter involves the
> determination of an issue of fact, such issue may be tried and determined in
> the same manner as issues of fact are tried and determined in other civil
> actions in the court in which the proceeding is pending.

In its counterclaim, USLI requested a declaration that USLI "may rescind the Policy by
operation of Joseph Smith's material misrepresentations, concealment and/or fraud in connection
with the policy procurement and presentation of the September 16, 2013 vandalism claim." The
USLI Policy states that it may be cancelled from inception upon discovery that the Policy was
obtained through fraudulent statements, omissions, or concealment of facts material to the
acceptance of the risk or to the hazard assumed by USLI. *See* Defense Trial Exhibit "1", Form IL
02 46 09 07, p. 2 of 2 attached hereto as "Exhibit E." The Policy further provides that it is void if
the insured, at any time, intentionally conceals or misrepresents a material fact concerning: the
covered property, his interest in the covered property, or a claim under the Policy. *See* Defense
Trial Exhibit "1", Form CP 00 90 07 88, p. 1 of 2 attached hereto as "Exhibit F."

It is well established that "where the execution of a contract of insurance has been

4

induced by fraudulent misrepresentations of the insured, the insurer may secure its cancellation." *Tudor Ins. Co. v. Township of Stowe*, 697 A.2d 1010 (Pa.Super.1997) (quoting *New York Life Insurance Co. v. Brandwene*, 221, 172 A. 669, 669 (Pa. Super. 1934)). The burden of proving fraud is on the insurer who must prove, by clear and convincing evidence, that on the application, the insured knowingly made false statements or knowingly failed to disclose information which was material to the risk against which the insured sought to be protected. *Id.* at 1016.

In order to show a policy is void *ab initio* on the basis of fraud, the insurer must prove that the intent to deceive was deliberate. *Grimes v. Prudential Ins. Co. of America*, 585 A.2d 29, 33 (Pa. Super. 1991). The clear and convincing standard of proof is sufficiently met if the evidence presented was "so clear, direct, weighty, and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Lessner v. Rubinson*, 592 A.2d 678, 681 (Pa. 1991). However, "fraud ... is never proclaimed from the housetops nor is it done otherwise than surreptitiously with every effort to conceal the truth of what is being done. So fraud can rarely if ever be shown by direct proof. It must necessarily be largely inferred from the surrounding circumstances." *Shechter v. Shechter*, 76 A.2d 753, 755 (Pa. 1950).

The jury, as the fact finder, determined by a standard of clear and convincing evidence that the Policy was procured by fraud with the intent to deceive USLI. *See* Exhibit A. Based on that factual determination, the terms of the Policy, and the language of 42 Pa.C.S. § 7539, the Court properly declared the Policy void *ab initio*. *See* Exhibit B. By the terms of the contract with Smith, USLI is entitled to recovery of all past claim payments. Additionally, Smith is entitled to the return of all premiums paid from the inception date of December 29, 2011.

5

### B. USLI's Claims Files

Smith next alleges that the trial court erred in not requiring USLI to produce Smith's prior claims files, either at trial or at the subsequent assessment of damages hearing. *See* Statement at ¶ 3. Smith alleges that the files were necessary to "determine what USLI knew and when it knew about the alleged misrepresentation… which was the predicate for arguing fraud in the inducement of the Policy." *See* Statement at ¶ 3.

On October 20, 2014, during discovery, Smith requested production of "All documents, claims files, log notes, photos, expert reports, diagrams, adjuster reports, etc. concerning the vandalism loss of September 16, 2013" and concerning any other loss submitted to USLI by Smith pursuant to Pa.R.C.P. 4003.3 and 4009. *See* January 25, 2016 Request for Documents at ¶ 5, attached hereto as "Exhibit G." USLI objected to the discovery of these files and did not produce any documents on Smith's prior claims. *See* Exhibit G at ¶ 7. On February 10, 2016, the Honorable John M. Younge appointed the Honorable William J. Manfredi [Ret.] as Discovery Master. *See* February 10, 2016 Order attached hereto as "Exhibit H." Judge Manfredi did not overrule USLI's objection and no discovery order regarding the prior claim files was issued.

At trial, USLI identified and presented claim payments relevant to the Policy. *See* Defense Trial Exhibit "28", USLI Claim Payments. USLI's witness, Tom Baker, testified to the history of all claim payments made under the Policy. *See* N.T. 11/03/16 at 94 – 152. Post trial, Smith's new counsel sought to compel production of USLI's prior claim files for the December 15, 2016 assessment of damages hearing. The Court did not permit Smith's counsel to reopen the record as to prior claims during the assessment of damages hearing. *See* N.T. 12/15/16 at 3, 32. To do so would introduce evidence relevant to the jury's determination of fault, an issue on which the trial record was closed.

The Court did not err in denying the request for other USLI claim files. Smith did not obtain an order compelling production of these files during discovery and his post-trial attempt to compel production of these files was untimely and properly dismissed by the Court. The ruling of the Court should be affirmed.

    C.  Smith's Motion for Nonsuit and Judgment Notwithstanding the Verdict on USLI's Claims of Common Law Fraud and Statutory Fraud Pursuant to 18 Pa.C.S.A. § 4117

Smith next claims that the trial court erred in denying Smith's motion for nonsuit and Judgment Notwithstanding the Verdict ("JNOV") on the basis that USLI failed to prove common law or statutory fraud by the requisite standard of clear and convincing evidence. *See* Statement at ¶¶ 4, 9. During presentation of USLI's counterclaim, Smith's motion to dismiss the fraud counterclaim was denied by the Court as untimely. *See* N.T. 11/2/16 at 130, 133. Smith never moved for nonsuit at the conclusion of USLI's case. Smith later moved for JNOV in his post-trial motion pursuant to Pa.R.C.P. 227.

Smith's claims are waived as he failed to make a timely motion for nonsuit. Additionally, Smith's claims are without merit because the jury was presented with sufficient evidence to determine, under the clear and convincing evidence standard, that Smith committed fraud with intent to deceive when he submitted his application for insurance.

JNOV ("Judgment *Non Obstante Veredicto*") is the proper remedy where the evidence presented at trial is insufficient to sustain the verdict. *Butler v. Flo-Ron Vending Co.*, 557 A.2d 730, 735 (Pa. Super. 1989). "JNOV is an extreme remedy, as the trial court cannot lightly ignore the findings of a duly selected jury." *Koller Concrete, Inc. v. Tube City IMS, LLC*, 115 A.3d 312, 321 (Pa. Super. 2015). JNOV should be entered only where the evidence is such that no

reasonable minds could disagree that the moving party is entitled to relief. *See Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1141 (Pa. Super. 2006).

When reviewing a sufficiency of the evidence claim in a civil case, the appellate court, viewing the evidence and reasonable inferences therefrom in the light most favorable to the verdict winner, must determine whether the evidence was sufficient to enable the factfinder to find that all elements of the causes of action were established by the applicable evidentiary standard. *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 34 (Pa. 2011); *Elliot-Lewis Corp. v. York-Shipley, Inc.*, 94 A.2d 47, 50 (Pa. 1953).

The burden of proof for a claim of fraud is clear and convincing evidence. *Weissberger v. Myers*, 90 A.3d 730, 735 (Pa. Super 2014). "Clear and convincing evidence is the highest burden in our civil law and requires that the fact-finder be able to come to clear conviction, without hesitancy, of the truth of the precise fact in issue." *Spaw v. Springer,* 715 A.2d 1188, 1189 (Pa. Super. 1998). "When an allegation of fraud is injected in a case, the whole tone and tenor of the matter changes." *B.O. v. C.O.*, 590 A.2nd 313, 315 (Pa. Super. 1991.

However, "fraud ... is never proclaimed from the housetops nor is it done otherwise than surreptitiously with every effort to conceal the truth of what is being done. So fraud can rarely if ever be shown by direct proof. It must necessarily be largely inferred from the surrounding circumstances." *Shechter v. Shechter*, 76 A.2d 753, 755 (Pa. 1950).

### i. Common Law Fraud

To state a claim for common law fraud, the plaintiff must show: (1) a representation; (2) material to the transaction at issue; (3) made falsely, with either knowledge or reckless disregard of its falsity; (4) with the intent to mislead another person or inducing justifiable reliance; and (5) an injury caused by the reliance. *Bennet v. A.T. Masterpiece Homes at Broadsprings, LLC,* 40

8

A.3d 145 (Pa. Super. 2012).

    ii.    Statutory Fraud

Statutory fraud, in relevant part, occurs when an entity:

> (2) Knowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim.

18 Pa.C.S.A. § 4117(a)(2). It is undisputed that USLI is an insurer under the meaning of the statute. To prove a claim of statutory fraud under 18 Pa.C.S.A. § 4117(a)(2), a plaintiff must show that the defendant (1) knowingly (2) presented false, incomplete or misleading information, (3) concerning any fact or thing material to a claim (4) to an insurer. *Church Mutual Insurance Company v. Alliance Adjustment Group*, 102 F.Supp.3d 719 (E.D. Pa. 2015). A fact is material if it "concerns a subject relevant and germane to the insurer's investigation as it was then proceeding, or if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented." *Id.*

    iii.    Evidence at trial

Intent to commit fraud may be inferred from the surrounding circumstances. During trial, sufficient evidence was presented by USLI to enable the jury to conclude that Smith committed fraud. Credible testimony established that Smith authorized Cynthia McDonough to sign and submit the application for the Policy. *See* N.T. 11/2/16 at 126. In his Examination Under Oath, Smith affirmed the representations made in the application. *See* N.T. 11/2/16 at 109.

The trial evidence enabled the jury to determine that Smith knowingly provided false information regarding prior claims. Smith acknowledged that, while he filed more than one claim

in the three year period prior to applying for the Policy, he only listed one, thus misrepresenting his claims history. *See* N.T. 11/2/16 at 85. Smith acknowledged that his application did not fully identify the insurance losses he experienced in the three years prior to his application. *See* N.T. 11/2/16 at 87.

In response to the application statement: "No past, pending or planned foreclosure or bankruptcy or judgment for unpaid taxes against the named insured or any officer, partner, member or owner of the application independently within the past 5 years," either Smith or his agent, Ms. McDonough indicated that the statement was "True." *See* N.T. 11/2/16 at 86. However, Smith acknowledged on cross that a foreclosure complaint was filed against him on his residence within five years of filing his application. *See* N.T. 11/2/16 at 91. Further, Smith acknowledged on cross that he was convicted in the Eastern District of Pennsylvania prior to 2011 for filing false tax returns. *See* N.T. 11/2/16 at 94-96. Smith then denied that he had any tax judgments against him prior to applying for the policy in 2011. *See* N.T. 11/2/16 at 98. When asked whether he had any tax liens prior to 2011, Smith stated that he did not know. *See* N.T. 11/2/16 at 98. After he was presented with a 2008 lien, Smith acknowledged that he had a tax lien prior to 2011, in contradiction to statements on the Policy application. *See* Defense Trial Exhibit "12"; *See* N.T. 11/2/16 at 100.

Smith's agent, Cynthia McDonough, signed his name on the last page of the application, under the statement "I acknowledge and agree that the breach of the warranty statement is grounds for the company to declare void any policy or policies issued and deny any claim there under." *See* Defense Exhibit "2".

The jury was presented with sufficient evidence to determine, under the clear and convincing evidence standard, that Smith committed fraud in the application with intent to

deceive when he applied for insurance and misrepresented previous loss claims, foreclosure actions, and tax liens. Viewing the evidence in the light most favorable to USLI as the verdict winner, Smith's claim for JNOV should be denied and the ruling of the Court affirmed.

### D. Admission of Evidence

Smith objects to the Court's decision to deny several motions *in limine* prior to trial. *See* Statement at ¶¶ 5-7, 13-16. On July 29, 2016, Smith filed a "Second Supplement to Second Motion *in Limine*" (Control No. 16060517). On October 31, 2016, oral argument was held on the motions. For the reasons set forth below, the Court's evidentiary rulings should be affirmed.

A motion *in limine* is used before trial to obtain a ruling on the admissibility of evidence. *Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.,* 933 A.2d 664 (Pa. Super. 2007). "It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury." *Commonwealth v. Reese,* 31 A.3d 708, 715 (Pa.Super.2011). A trial court's decision to grant or deny a motion *in limine* "is subject to an evidentiary abuse of discretion standard of review." *Id.*

> Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion. *Commonwealth Financial Systems, Inc. v. Smith,* 15 A.3d 492, 496 (Pa. Super. 2011) (citing *Stumpf v. Nye,* 950 A.2d 1032, 1035–1036 (Pa. Super. 2007)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Grady v. Frito–Lay, Inc.,* 576 Pa. 546, 839 A.2d 1038, 1046 (Pa. 2003).

*Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.,* 77 A.3d 1, 11 (Pa. Super. 2013). In addition, "to constitute reversible error, an evidentiary ruling must not only be erroneous, but

also harmful or prejudicial to the complaining party." *Winschel v. Jain,* 925 A.2d 782, 794 (Pa. Super. 2007) (citing *McClain v. Welker,* 761 A.2d 155, 156 (Pa. Super. 2000)). The Court did not abuse its discretion and the ruling of the Court should be affirmed.

i.     Testimony of Patrick Bethel as a Fact Witness

Smith claims that the trial court erred in denying his motion *in limine* to preclude the testimony of Patrick Bethel. *See* Statement at ¶ 5. Bethel is the Underwriting Vice President of USLI and testified as a fact witness for the purposes of describing the underwriting practices of USLI. Smith's claim is without merit.

In his "Second Supplement to Second Motion *in Limine*" (Control No. 16060517), Smith moved to preclude the testimony of alleged experts who were not disclosed during the course of discovery. Included in this motion was the "Corporate designee of USLI, (Underwriting and Claims Practices)" (later identified as Patrick Bethel, Underwriting Vice President).

At oral argument, Smith contended that USLI's witnesses, including any corporate designee, should be precluded from testifying because they were not disclosed during discovery upon request. *See* N.T. 10/31/16 at 27. The Court denied this motion, citing the Case Management Order of November 17, 2015 which required all parties to serve upon opposing counsel a pre-trial memorandum fifteen days prior to the pre-trial conference with all witnesses that may be called to testify. *See* Docket at 4-5. As noted by the Court, USLI's witnesses, including a corporate designee, were identified on the first amended pre-trial memorandum, filed on July 21, 2016. *See* N.T. 10/31/16 at 27-28; *See also* Defendant USLI's Amended Pre-trial Memorandum at 12, attached hereto as "Exhibit I."

Smith also argued that the corporate designee was as an expert witness who he did not have the opportunity to depose. In his motion *in limine,* Smith claims he was given no

12

opportunity to depose USLI's corporate designee and was thus prejudiced. This is against the evidence in the record. On April 18, 2016, Smith sent Notices of Deposition to USLI's party witnesses: Thomas Baker and a corporate designee. *See* Notices of Deposition attached hereto as "Exhibit J." However, no defense witnesses were ever deposed.

The Trial Court's decision to allow Patrick Bethel to testify was not an abuse of discretion. USLI timely identified the witnesses it intended to call at trial. Smith's failure to depose USLI's corporate designee after issuing a Notice of Deposition is not insufficient as a basis for appeal and is not grounds for a new trial. The ruling of the Court should be affirmed.

ii.    2015 Underwriting Guidelines of USLI

Smith next claims that the Court erred in denying his motion *in limine* to preclude USLI's 2015 Underwriting Guidelines and further objects to their admission. *See* Statement at ¶ 6. As stated above, the standard for overturning a Court's ruling on a motion *in limine* is abuse of discretion. Under this standard, Smith's claim has no merit and the ruling of the Trial Court should be affirmed.

USLI identified its Underwriting Guidelines along with other pre-marked defense exhibits in the Amended Pre-Trial Memorandum. *See* Exhibit I at 16. Pretrial, Smith argued that it would be prejudicial to permit USLI to introduce the Guidelines, which had not been disclosed during discovery. USLI countered that the Underwriting Guidelines, prior to inclusion in the Pre-trial Memorandum, were disclosed in the Counterclaim and New Matter. *See* Counterclaim and New Matter at ¶¶ 6, 17, 83, and 96 attached hereto as "Exhibit K." Additionally, Smith did not include the Underwriting Guidelines in his request for discovery.

On November 1, 2016, the Court denied Smith's motion. It was not an abuse of discretion for the Court to admit the Guidelines as they were properly identified in USLI's Amended Pre-

13

Trial Memorandum and in the Answer and Counterclaim. *See* N.T. 10/31/16 at 27-28.

Smith further claims that the Court erred in admitting the Underwriting Guidelines into evidence without proper foundation. Smith renewed his objection to the use of the 2015 Underwriting Guidelines during the direct examination of USLI witness Bethel. In response, the Court ordered USLI to "lay a foundation as to the development of the guidelines and the witness' familiarity of [sic] the guidelines in place at the time and the reason those are not available in Court." *See* N.T. 11/7/16 at 6. Before introducing the 2015 Underwriting Guidelines, Bethel testified that he has been in the insurance industry for 31 years and worked at USLI for 15 years. *See* N.T. 11/7/16 at 4, 7. In 2011, Bethel was a senior vice-president on the national sales team. *See* N.T. 11/7/16 at 7. Mr. Bethel testified that he has been familiar with the USLI guidelines since 2001 and wrote many of them. *See* N.T. 11/7/16 at 7.

Although there was no testimony about why the 2011 Underwriting Guidelines were not available in court, a proper foundation was laid as to the witness' knowledge and understanding of the 2011 Guidelines at the time and their similarities to the 2015 Guidelines. For those reasons, the trial court accepted the testimony and evidence.

The Court did not abuse its discretion by denying Smith's motion *in limine* and allowing USLI to introduce the 2015 Underwriting Guidelines. The Guidelines were identified in USLI's timely Amended Pre-Trial Memorandum and USLI witness Bethel provided adequate foundation of his knowledge and familiarity with them and their similarities to the 2011 guidelines. The ruling of the Court should be affirmed.

      iii.    Prior Tax Liens

Smith claims that the Court erred in denying his motion *in limine* to preclude the introduction of prior tax liens on unrelated properties because they are irrelevant and prejudicial.

14

*See* Statement at ¶ 7. Smith's claim is without merit as the testimony on the prior tax liens was highly relevant to and probative of USLI's counterclaim.

In pre-trial argument, Smith argued that admission of any prior tax lien should be precluded because the application did not specifically request disclosure of past or present tax liens *See* N.T. 10/31/16 at 15. Smith further argued that one lien was paid prior to the application, on April 26, 2011, and the other was satisfied on July 9, 2012, one year after the application was submitted. *See* N.T. 10/31/16 at 15. The Court denied both motions because the application required the identification of any tax liens active within the five years preceding the application. *See* N.T. 10/31/16 at 15.

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Pa.R.E. 401. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. "Unfair prejudice" means a tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially. *Castellani v. Scranton Times, L.P.*, 124 A.3d 1229, 633 (Pa. 2015).

The Trial Court did not abuse its discretion in admitting evidence of Smith's prior tax liens; the liens were highly relevant and probative of USLI's fraud counterclaim. Smith's failure to disclose liens that occurred prior to his application for insurance in December 2011 support the counterclaim. Smith's argument that they were not specifically requested and thus not required is a decision for the fact-finder. The ruling of the Court to admit evidence of Smith's prior tax liens should be affirmed.

15

### iv.    Prior Tax Conviction

Smith claims that it was improper for the Court to permit evidence of his convictions for prior corporate tax underpayments to be introduced at trial because they are irrelevant and prejudicial. He also argues that, once admitted, the Court failed to properly instruct the jurors on how they should consider this evidence. *See* Statement at ¶ 13, 15, 16. This claim is without merit. Smith's tax convictions are both relevant and probative in that they apply directly to the Policy application questions that USLI contends are the source of his misrepresentations. The omission of a *crimen falsi* instruction was not an error of the Court, rather a failure on the part of Smith to submit an instruction.

Following pre-trial oral argument, the Court denied Smith's motion *in limine* to preclude introduction of Smith's and McDonough's sentencing orders. *See* N.T. 10/31/16 at 12. The Court ruled that the documents could be introduced in the event that either Smith or Ms. McDonough testified that, at the time of the filing, "there was neither planned, pending or past any outstanding tax matter." *See* N.T. 10/31/16 at 13. The Court additionally ruled that USLI could represent during opening argument that Smith had a prior tax conviction resulting in a restitution judgment. *See* N.T. 10/31/16 at 13.

"Prejudice," within meaning of the rule does not mean detrimental to a party's case, but rather, an undue tendency to suggest a decision on an improper basis. *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572 (Pa. Super. 2003). The trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand. *Com. v. Flamer*, 53 A.3d 82 (Pa. Super. 2012).

Here, because USLI's fraud claim rests on proving to the jury that Smith intentionally misrepresented his prior convictions on his application, it was not an abuse of discretion for the

16

Court to allow his prior tax convictions into evidence. The convictions were more probative than prejudicial.

Smith further claims that the trial court erred by not instructing the jury that his prior convictions were to be used for impeachment purposes only. In his 1925(b) Statement, Smith cites to *Com. v. LaMassa*, 532 A.2d 450 (Pa. Super. 1987) for the proposition that it is reversible error to not instruct the jury that a *crimen falsi* conviction is to be used by the jury for impeachment purposes only. This claim is waived.

Criminal convictions are admissible for attacking witness credibility where the underlying crime involves dishonesty or a false statement. *See* Pa.R.E. 609(a). As a general rule, "[t]he refusal to give a proper instruction requested by a party is ground for a new trial only if the substance thereof has not otherwise been covered by the trial court's general charge." *LaMassa* at 58; *Werner v. Quality Service Oil Co., Inc.*, 486 A.2d 1009, 1011 (Pa. Super. 1984); *See Butler v. DeLuca*, A.2d 840, 844 (Pa. Super. 1984). However, *LaMassa*, *Werner*, and *Butler* all involve cases where a party requested an instruction on prior conviction impeachment and the Court refused.

Here, Smith's conviction for filing false tax returns and conspiracy both qualify as *crimen falsi* which USLI utilized on cross after Smith appeared to not recall his prior convictions. *See* N.T. 11/2/16 at 94. Smith is correct in stating that the trial court did not instruct the jury that his prior convictions could only be used for impeachment purposes. However, Smith waived this claim by failing to request the instruction. *See* Proposed Points for Charge of Plaintiff Joseph Smith attached hereto as "Exhibit L". The parties held an extensive charging conference and noted their objections on the record. *See* N.T. 11/7/16 at 57-59. The Court did not refuse to instruct the jury on the use of prior convictions. Rather, Smith failed to request the jury charge.

17

*See* Exhibit L. Smith's waived claim does not warrant a new trial and the ruling of the Court should be affirmed.

            v.      Improper Statements at Trial

Smith claims that the Court "failed to admonish defense counsel or issue curative instructions regarding impermissible comments aimed at making the trial about some public policy protection to lower insurance premiums…" *See* Statement at ¶ 14. This claim is without merit.

During opening argument, USLI's counsel stated, "No one wants to be here. I don't want to call him a liar, but insurance fraud affects everyone. It affect [sic] us and the other policy holders. They pay higher premiums to pay out false claims." *See* N.T. 11/01/16 at 32. Smith's objection on appeal is untimely and thus waived. A party must make timely and specific objections in order to preserve an issue for review. *See Takes v. Metropolitan Edison Co.*, 695 A.2d 397, 400 (Pa. 1997). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Trial Counsel for Smith failed to object to USLI's statement, thus waiving his ability to raise the issue on appeal. Further, the jury was properly instructed as to the purpose and significance of counsels' opening statements and closing arguments.

        E.  Agency & Mistake

Smith claims that the Court erroneously instructed to instruct the jury that, "If you find that Cynthia McDonough or Diane Berkheimer were acting within the scope of their authority with the principal, Joseph Smith is bound by and liable for their acts." According to Smith, this is not the law and there was no evidence that Janet Berkheimer was an agent of Smith. *See* Statement at ¶ 8. Further, Smith claims that the Court's decision to not instruct the jury on the

18

law of mistake was error. Both of these claims are without merit and the ruling of the Court should be affirmed.

### i. Agency

The Court's instruction on agency was proper. Janet Berkheimer, an insurance broker for HUB International, testified on direct that she was acting within her authority when she submitted Smith's application to various insurance companies. *See* N.T. 11/3/16 at 5-6. Smith's original application, known as an "accord", contained information that was transferred to each insurance company's specific application. Berkheimer received an application from USLI in response to Smith's application and sent it to him. *See* N.T. 11/3/16 at 8. It was Smith's responsibility to check the application prior to signing it and, if necessary, make corrections. *See* N.T. 11/3/16 at 9-10. Berkheimer submitted the signed application to USLI. *See* N.T. 11/3/16 at 10.

Before a fact finder can conclude that an agency relationship exists and that the principal is bound by a particular act of the agent, the fact finder must determine that one of the following exists:

> 1. express authority directly granted by the principal to bind the principal as to certain matters; or
> 2. implied authority to bind the principal to those acts of the agent that are necessary, proper and usual in the exercise of the agent's express authority; or
> 3. apparent authority, that is, authority that the principal has by words or conduct held the alleged agent out as having; or
> 4. authority that the principal is estopped to deny.

*Volunteer Fire Co. of New Buffalo v. Hilltop Oil Co.*, 602 A.2d 1348, 1351-52 (Pa. Super. 1992).

The nature and extent of an agent's authority is a question of fact for the trier of fact.

*Turner Hydraulics, Inc. v. Susquehanna Constr. Corp.*, 606 A.2d 532 (Pa. Super. 1992). The

19

person bringing a claim must prove the agent's authority to act and that the action was within the authority conferred. *Long v. Lehigh Coal & Navigation Co.*, 140 A. 871, 874 (Pa. 1928).

The jury was presented with sufficient evidence to determine that Janet Berkheimer was an agent of Smith. Berkheimer's uncontroverted testimony established that she was authorized to submit an accord for insurance, receive an application in return from USLI, finalize the application with Smith, and then submit the final application. The evidence was sufficient for the jury to conclude that Berkheimer was an agent of Smith and acting within her authority in submitting his application. Smith's claim is without merit.

    ii.  Mistake

Smith was not entitled to a jury instruction on mistake during trial. By not pleading mistake in his response to USLI's New Matter, Smith waived the defense. Averments of mistake must be stated with particularity in an answer. *See* Pa.R.C.P. 1019(b);
*Com., Dep't of Transp. v. Burrell Const. & Supply Co.*, 534 A.2d 585 (Pa. Cmwlth. 1987) (holding that where it is clear from the record in an action that mistake was never specifically pleaded by either party as required by Rule 1019(b) it is error to apply the doctrine of mistake.). Here, Plaintiff failed to plead mistake in accordance with the rules of civil procedure. *See* Plaintiff Joseph Smith's Response to New Matter and Answer with New Matter to Defendant's Counterclaim attached hereto as "Exhibit M." Thus, it would have been improper for the jury to receive an instruction on mistake when it was not pled.

Smith is additionally estopped from claiming mistake. Under Pennsylvania law, "[w]here an application includes an affirmation that the applicant has read and attests to the accuracy of the contents of the application, the applicant may not avoid the responsibility imposed by the application by signing a blank form and leaving it to another to fill in the appropriate responses."

*American Franklin Life Ins. Co. v. Galati,* 776 F.Supp. 1054, 1061 (E.D.Pa. 1991). "By certifying the veracity of the representations made in the application by his signature, an insured is estopped not only from claiming that he was induced into making misrepresentations…but also from asserting that questions were not asked or that the answers given were not recorded properly." *Monarch Life Ins. Co. v. Donahue,* 708 F.Supp. 674, 676 (E.D.Pa. 1989).

For the reasons set forth, Smith's claim is waived and the ruling of the Court should be affirmed. Smith failed to properly plead mistake as an affirmative defense to USLI's counterclaim. Regardless, Under Pennsylvania law, an insured cannot claim mistake on an application where he has certified its veracity.

### F. Verdict Sheet

#### i. Smith's Vandalism Claim

Smith claims that the Trial Court erred in allowing the jury to determine, on the verdict sheet, whether the vandalism claim was covered under the Policy. Smith claims the Court further erred by denying his motion for JNOV pursuant to Pa.R.C.P. 227 *See* Statement at ¶ 1. Smith contends that, because USLI never denied Smith's vandalism claim and USLI's own witnesses did not contest the act of vandalism, the verdict sheet should only have allowed the jury to consider the amount to be paid on the vandalism claim, not whether the claim was covered by the policy. *See* Statement at ¶ 1. Smith's claim is waived.

The first question on the verdict sheet directed the jury to determine whether Smith demonstrated by a preponderance of the evidence that the Property "sustained a direct physical loss as a result of a vandalism incident on or around September 16, 2013." *See* Exhibit A at ¶ 1. The second question directed the jury to determine whether Smith demonstrated that he was entitled to coverage under the Policy. *See* Exhibit A at ¶ 2.

21

Smith's claim must fail as no objection to the verdict was made when it was rendered. Where "no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief." *Shelhamer v. John Crane, Inc.*, 589 A.3d 767, 771 (Pa. Super. 2012). A party must make timely and specific objections in order to preserve an issue for review. *See Takes v. Metropolitan Edison Co.*, 695 A.2d 397, 400 (Pa. 1997). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). The Supreme Court has held that "an inconsistent verdict provides grounds for objection and, if a party seeks relief upon grounds of verdict inconsistency, it must forward a timely, contemporaneous objection upon the rendering of the verdict." *Criswell v. King*, 834 A.2d 505, 509-10 (Pa. 2003); *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114 (Pa. 1974).

The Pennsylvania Supreme Court has applied the contemporaneous objection requirement to a party who moves for JNOV or other post-trial relief based on the assertion that a jury's answers to interrogatories were inconsistent. In *City of Philadelphia v. Gray*, the Pennsylvania Supreme Court held that a post-trial challenge to the jury's answers to interrogatories was waived because the challenge was not preserved by an objection to the verdict when it was rendered. *City of Philadelphia v. Gray*, 633 A.2d 1090 (Pa. 1993).

In *Shelhamer*, the jury found that a product was not defective, yet still imposed liability. The jury found that the decedent had not been exposed to the product in question, which was found not to be defective, but still concluded that the "defective product" was a factual cause of the decedent's injury. No further inquiries were made by the parties prior to the reading of the verdict and no objections followed. *Shelhamer v. John Crane, Inc.*, 589 A.3d 767, 771-772 (Pa. Super. 2012). Though the trial court later granted a new trial, the Superior Court overturned that

22

decision, citing the movant's failure to make a contemporaneous objection. *Id.*

In the case at hand, the verdict sheet enabled the jury to find that Smith did not meet his burden of demonstrating a loss due to vandalism. *See* Exhibit A. During trial, the Court and the parties conferred several times to finalize the verdict sheet. The parties had ample opportunity to object. *See* N.T. 11/7/16 at 57-59. Additionally, The Court read the verdict sheet in full to the jury during the charge. *See* N.T. 11/7/16 at 87-107. The jury returned a verdict finding for USLI on Smith's claim and on USLI's Counterclaim of fraud. *See* N.T. 11/7/16 at 109.

As in *Shelhamer*, Smith made no objection following the explanation of the verdict sheet to the jury or after the verdict was rendered. Smith's sole record objection to the verdict applied only to USLI's counterclaim. On appeal, Smith raises this issue for the first time and it must, accordingly, fail.

### ii. Damages

Smith claims that the Court "erroneously withdrew from the province of the jury the issue of damages, if any to be awarded to USLI on its Counterclaim." *See* Statement at ¶ 10. Smith claims that this determination "deprived Smith of his constitutional right to have the jury determine damages and that there is no nothing in the record to support that deprivation." *Id.* Smith's claim misunderstands the proceedings at trial.

As stated, *supra*, "an inconsistent verdict provides grounds for objection and, if a party seeks relief upon grounds of verdict inconsistency, it must forward a timely, contemporaneous objection upon the rendering of the verdict." *Criswell v. King*, 834 A.2d 505, 509-10 (Pa. 2003); *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114 (Pa. 1974). If Smith was of the opinion that the verdict sheet was inconsistent or erroneous, he was required to lodge a contemporaneous objection.

23

After trial, Smith's trial counsel e-mailed the Court and asked why a question about damages wasn't on the counterclaim verdict sheet. *See* 11/8/16 e-mails attached hereto as "Exhibit N." Smith's trial counsel attempted to claim that he did not agree to a verdict sheet that took the issue of damages away from the jury. *See* Exhibit N.

This claim cannot stand. Smith waived any objection to the verdict sheet by failing to place an objection on the record. Smith's trial counsel was in possession of the verdict sheet and followed along as the Court reviewed the verdict sheet, question by question with the jury. Smith's claim is without merit as it misrepresents the events at trial.

### iii. Lack of Clarity

Smith claims that the Court erred by awarding damages based upon the verdict sheet because it "failed to distinguish whether any deception found to exist was in connection with the submission of the underlining [sic] September 2013 claim or the procurement of the policy." *See* Statement at ¶ 11; *See* Exhibit A at 3. Again, as discussed *supra*, Smith waived this objection through failure to lodge a contemporaneous objection. *Criswell v. King*, 834 A.2d 505, 509-10 (Pa. 2003); *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114 (Pa. 1974). Smith's trial counsel failed to point out any inconsistency in the language and thus waived his claim to relief.

### G. Attorney's Fees

Smith claims that the Court erroneously relied on heavily redacted attorney fee invoices in awarding USLI attorney fees. *See* Statement at ¶ 12. Smith's claim is without merit.

A party seeking attorney's fees must establish the reasonableness of its claims by showing evidence of hours worked and rates charged. *Valenti v. Allstate Ins. Co.*, 243 F. Supp. 2d 200, 205 (M.D. Pa. 2003) (citing *Rode v. Dellarciprete*, 892 F.2d 1177(3d Cir. 1990). "When the applicant for a fee has carried his burden of showing that the claimed rates and numbers of

hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir. 2001) (citing *Delaware Valley Citizens' Council,* 478 U.S. 546, 564 (1986)). The lodestar test is typically used to determine the amount of any fee to be awarded. In order to calculate the lodestar, one multiplies the number of hours reasonably expended by a reasonable hourly rate. *Maldonado,* 256 F.3d at 184 (citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983)). The "party opposing the fee award, then has the burden to challenge, by affidavit or brief, with sufficient specificity, to give fee applicants notice, the reasonableness of the requested fee." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990). In *Valenti,* the District Court for the Eastern District of Pennsylvania held that defense counsel's rate of $150.00/hour was reasonable where the prevailing market rate for attorney fees were higher in counsel's home community of Philadelphia. 243 F.Supp.2d. 200 (M.D. Pa. 2003).

During the December 15, 2016 assessment of damages hearing, USLI submitted evidence of expenses with a blended rate of $145.00 per hour. In its submission, USLI attached an affidavit from Assistant Vice President/Property Claims Examiner Thomas Baker attesting to the reasonableness of the rates and USLI's willingness to pay them in the event that USLI did not prevail. *See* Affidavit of Thomas Baker attached hereto as "Exhibit O." USLI also attached an affidavit from Lauren Ferrie, E-Billing Specialist at Timoney Knox, LLP, swearing to the accuracy and reasonableness of the amounts submitted. *See* Affidavit of Lauren Ferrie attached hereto as "Exhibit P." Despite the redacted portions of the invoices, the Court found the number of hours reasonable considering the substantial length of the claim investigation and subsequent litigation. On December 20, 2016, following the assessment of damages hearing in which USLI presented the above evidence, the Court awarded $127,369.31 to USLI.

25

Smith failed to meet his burden to challenge, by affidavit or brief, with sufficient specificity the reasonableness of USLI's request and instead claims that the rates are impossible to assess. Smith's claim is without merit and the ruling of the Court should be affirmed.

## III.  CONCLUSION

For all of the foregoing reasons, the Trial Court's judgment and the jury's verdict should be affirmed.

BY THE COURT:

_____

BUTCHART, J.